(78 South. 964)

### STATE ex rel. CITY OF BIRMINGHAM v. BOARD OF REVENUE OF JEFFERSON COUNTY. (6 Div. 711.)

(Supreme Court of Alabama. April 18, 1918.)

1. MANDAMUS ⬥72—STATUTORY DISCRETION —SPECIFIC AIDS.

While the exercise of the statutory discretion lodged with boards of revenue and courts of county commissioners, and the members thereof, may be compelled by mandamus, the court will not direct the manner of the exercise of such discretion.

2. STATUTES ⬥215 — CONSTRUCTION — PURPOSE.

To ascertain the purpose of an act, a court may, when necessary, consider the origin, the contemporaneous history, and the prior condition of the law, as well as the general powers and the course of legislation.

3. EVIDENCE ⬥5(2)—JUDICIAL NOTICE.

It is a matter of common knowledge that public streets and the sidewalks adjacent thereto, in the larger municipalities, are generally materially different in construction, and very differently maintained, from the public highways without the corporate confines, those usually constructed and maintained by the county.

4. MANDAMUS ⬥90—HIGHWAYS—CONSTRUCTION THROUGH CITIES — DISCRETION OF BOARDS OF REVENUE.

Under Acts 1915, p. 106, considered in connection with Acts 1915, pp. 365, 576, § 13½, a county board of revenue, which had exercised the discretion to maintain from curb to curb a highway through a municipality, could not be compelled by mandamus to exercise a further discretion as to construction and maintenance of sidewalks from the curb to the property line, on each side of said highways.

Appeal from Circuit Court, Jefferson County; H. A. Sharpe, Judge.

Petition by the State of Alabama, on the relation of the City of Birmingham, for mandamus against the Board of Revenue of Jefferson County. Demurrer to the petition sustained and the application dismissed, and petitioner appeals. Affirmed.

M. M. Ullman and W. A. Jenkins, both of Birmingham, for appellant. W. K. Terry, of Birmingham, for appellee.

THOMAS, J. The mandamus prayed was to compel the board of revenue of Jefferson county to maintain certain highways in the city of Birmingham, between the curb line and the property line on each side of said highways. Demurrer was sustained to the petition, and, petitioner declining to plead further, the application was dismissed.

[1] Exercise of the statutory discretion lodged with boards of revenue and courts of county commissioners, and the members thereof, may be compelled by mandamus. State ex rel. City of Mobile v. Board of Revenue, 180 Ala. 489, 61 South. 368. The court will not, however, direct the manner of the exercise of such discretion. Lovelady v. Copeland, 198 Ala. 625, 73 South. 948; Mobile County v. State ex rel. Campbell, 163 Ala. 441, 50 South. 972.

A construction of the statute in question substantively may not be without some difficulty. For example, the Municipal Code provides the right of a municipality to improve and maintain its public streets and sidewalks, and to make assessments for such improvements against the properties of abutting owners in the cases specifically provided by statute, whereas, no such power is given the county. In proper cases, the municipality is subject to damages for injuries caused by improper and negligent construction and maintenance where the county would not be so subject. It is unnecessary to prolong the discussion of the rights and liabilities of municipalities, as distinguished from those of counties, in the premises, other than to advert to such matters well known to the Legislature when the act in question was passed.

[2] To ascertain the purpose or intent of an act, a court may, when necessary, consider the origin, the contemporaneous history, and the prior condition of the law, as well as the general powers and the course of legislation. 2 Lewis' Sutherland, Stat. Const. (2d Ed.) § 471.

[3, 4] It is a matter of common knowledge that public streets and the sidewalks adjacent thereto in the larger municipalities are generally materially different in construction and very differently maintained from the public highways without the corporate confines—those usually constructed and maintained by the county. Smitha v. Flournoy, 47 Ala. 345, 361; Watson v. State, 55 Ala. 158; City Council v. Wright, 72 Ala. 411, 47 Am. Rep. 422; Wall v. State, 78 Ala. 417. And courts are said to know what everybody else is presumed to know; and what is thus known juries are permitted to find out, without specific proof being adduced in its support. Rector v. State, 11 Ala. App. 333, 66 South. 857; Gulf, Colo. & S. F. Ry. Co. v. State of Texas, 72 Tex. 404, 10 S. W. 81, 1 L. R. A. 849, 13 Am. St. Rep. 815; Trenier v. Stewart, 55 Ala. 458; Walker v. Allen, 72 Ala. 456. Such fact was of legislative cognizance when the act of March 17, 1915, "To provide for building and maintaining public highways through incorporated towns and cities by boards of revenue and courts of county commissioners in all counties of two hundred thousand inhabitants, or more, out of any money at any time subject to the disposal of such boards of revenue and courts of county commissioners for road purposes," was adopted. Gen. Acts 1915, p. 106.

The dominant purpose of this act, no doubt, was, as stated in its title, to provide for the building and maintaining of public highways through incorporated towns and cities by boards of revenue, rather than to provide for the building and maintaining of certain public highways within such municipalities. That is to say, the building and

maintenance of public roads and public highways through the state and the municipalities thereof was recognized to be often embarrassed by conflict as to the status of those portions of these thoroughfares lying within the confines of incorporated cities and towns; and it was by the Legislature deemed wise to confer on the county the right to construct and maintain public highways through the municipalities within its corporate limits, on conditions of consent found in other acts having application to such highways. Gen. Acts 1915, p. 365; Gen. Acts 1915, p. 576, § 13½. Not only does the title of the act support this view of the act's purpose, containing, as it does, the expression, "highways through incorporated town and cities," but in section 1 thereof is the express legislative provision that "each of which highways shall pass by the courthouse of such county, and where such highways pass through any incorporated town, or city [such county board or court] shall maintain the same within the corporate limits thereof." That it was not the legislative intent to surrender the primary rights of the municipality, or to impose its duties as to its highways, upon the county, without regard to the will or consent of the municipality, is made manifest by the subsequent (in point of time) legislative enactment of September 22, 1915, notably section 13½ thereof (Gen. Acts 1915, pp. 576–7).

When the several applicable acts (as, for example, Gen. Acts 1915, p. 573, § 13½, and the act in question) are considered together as a harmonious system relating to highways passing through municipalities, the jurisdiction and responsibility of the municipality therefor and thereover is clearly seen not to conflict with that of the county, nor to be productive of confusion or embarrassment in administration.

To adopt the construction contended for by counsel for appellant might relieve the municipality of liability for injuries sustained on such streets, and yet place none on the county. Elliott on Roads & Streets (3d Ed.) § 536. Again, it might take away from the city the power to improve certain of its streets and sidewalks and to make assessments therefor against abutting owners and confer no such power on the county. Such results were not within legislative contemplation.

Demurrer was properly sustained to the petition, and, on failure of proper amendment thereafter, no error was committed in the dismissal of the same. The board of revenue had exercised the discretion reposed in that body by the act in question, to maintain the roadway from curb to curb of the highways designated, and that body could not be compelled to exercise a further discretion as to the construction and maintenance of the sidewalks from the curb to the property line on each side of said highways. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.