(87 South. 85)

**CUDD v. BENTLEY et al.** (8 Div. 276.)

(Supreme Court of Alabama. Oct. 28, 1920.)

**Appeal and error ⊜⊃1005(4)—Approved verdict may be set aside when preponderance of evidence is decidedly against the verdict.**

On the question whether the verdict is contrary to the evidence, while great respect is paid to the views and judgment of the trial court in overruling motion for new trial, if, after allowing all reasonable presumptions in favor of the correctness of the verdict, the preponderance of the evidence against the verdict is so decided as to involve the conviction that it is wrong and unjust, the Supreme Court will grant a new trial.

Appeal from Circuit Court, Morgan County; Horace C. Wilkerson, Judge.

Action by E. P. Bentley and another against J. J. Cudd. From judgment for plaintiffs, defendant appeals. Reversed and remanded.

Appellees E. P. Bentley and J. R. Bentley brought this suit against the appellant to recover the statutory penalty for the failure to mark satisfied a personal property mortgage of record in Morgan county, Ala., executed by appellees to appellant in 1913. J. R. Bentley was the surety of his son E. P. Bentley on said mortgage. Plaintiff insisted the mortgage was paid in December, 1916. This suit was brought June 30, 1919. Notice to satisfy the record was served on the defendant at his office in Hartselle, and at the top of said notice was the date "June 2, 1917."

E. P. Bentley testified that he served this notice on the defendant, and that his father was present at the time. A form of the notice with the date was written by an attorney at Decatur, and the plaintiff correctly copied it as it was written. E. P. Bentley testified that it was his best judgment that the date was a mistake, and should have been 1918; that it did not occur to him when he was writing the year that it was 1918 instead of 1917, and that he was dating the notice back a year, the witness saying, "I am not positive that it was not June 2, 1917, when I served that notice, instead of 1918." J. R. Bentley, the father, testified he did not remember the

date the notice was served on the defendant, saying, "I can't say whether it was this summer or last summer, or the summer before last." Some of the evidence for the plaintiff tended to show he was living on the King or Cain place when this notice was served, and that the last year he lived on that place was 1917.

The attorney who prepared the notice for the plaintiff testified that he wrote out the notice, remembering the circumstance, and that, looking at the paper, he would say he wrote it in 1917, and that independent of the paper, he would say that it had been "in the neighborhood of two years," though he could not be positive. The defendant himself testified, positively, that the notice was served in 1917 at Hartselle, and that he had no business whatever with either of the plaintiffs in 1918, nor did he come in contact with either of the plaintiffs in 1918; and that one of the Bentleys before that had gone to Arkansas, and he had sent the mortgage out there.

There was verdict and judgment for the plaintiffs, and defendant's motion for a new trial was overruled, from which this appeal is prosecuted.

E. W. Godbey, of Decatur, for appellant.

Counsel discuss the errors assigned, but without citation of authority.

E. C. Nix, of Albany, for appellees.

No brief reached the reporter.

GARDNER, J. Suit by appellees against appellant to recover the statutory penalty for failure to enter satisfaction on the margin of the record of a mortgage on personal property under section 4898, Code 1907. The notice requesting satisfaction bears date June 2, 1917; the suit being brought in June, 1919.

If the date upon the notice is correct, the defendant was entitled to a verdict upon his plea of the statute of limitations, and this is the question of prime importance upon this appeal, as it is most strenuously insisted that the trial court erred in refusing to grant the motion for a new trial upon the ground that the verdict was contrary to the overwhelming weight of the evidence. The statement of the case will sufficiently outline the testimony of the respective parties bearing upon this issue of fact, and we need not enter into any detailed discussion of the evidence here, but a brief reference thereto will suffice. The testimony for the plaintiff upon this issue is most uncertain and unsatisfactory. He merely thinks that there was some mistake in the date, but yet is not positive it was not June 2, 1917, when the notice was served. The testimony of the father, as surety, is even less definite and still more unsatisfactory. As opposed to this is the testimony of the attorney who prepared the notice, who, while not testifying positively as to the time, indicates very clearly his own conviction that the paper bears the proper date. The testimony of the defendant is very positive that the notice was served in 1917, and some reasons are given by him for this distinct recollection. There are other circumstances which need not be detailed, which bear against the plaintiffs' contention, and some contradiction between the testimony of witness J. R. Bentley and his answer to certain interrogatories propounded under the statute.

We are of course mindful of the well-established rule that a trial judge who sees the witnesses upon the stand has the better opportunity to judge the weight and credibility of oral testimony, and on appeal great respect is paid to his judgment. The following quotation from Southern Ry. Co. v. Grady, 192 Ala. 515, 68 South. 346, is applicable here:

"We recognize that upon questions of this character much deference is to be accorded the views of the trial judge, and that the powers of this court in this regard should be exercised with the greatest caution. Courts are organized that justice may be evenly administered, and if, after allowing all reasonable presumptions in favor of the correctness of the verdict of the jury, the preponderance of the evidence against the verdict is so decided as to involve the conviction that it is wrong and unjust, then it is the duty of the court to so exercise its power and grant the new trial."

After a most careful consideration of the evidence we are persuaded that some character of bias, prejudice, or passion had influence in the rendition of this verdict. The introduction of certain testimony as to the amount for which defendant had sold some of the property purchased by him at what we presume was the foreclosure sale [the relevancy of which is not made to appear] may have had some prejudicial effect; but, however this may be, the conclusion has been reached that the verdict is so contrary to the overwhelming weight of the evidence as to call for a reversal of the cause on account of the error of the trial court in overruling the motion for a new trial.

The judgment is therefore reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.