(96 South. 333)

## CITY OF BIRMINGHAM v. CARLSON.
(6 Div. 875.)

(Supreme Court of Alabama. April 12, 1923.
Rehearing Denied May 10, 1923.)

1. Pleading ⬉8(2)—Averment that defective street was public highway held not a mere conclusion.

In an action for personal injuries sustained by a pedestrian due to stepping into a hole or depression in a public street, an averment that the street where the injury occurred "was then and there a public highway in said city" was not insufficient as a mere conclusion.

2. Highways ⬉105(2)—Act as to maintaining highways across county intersecting near county courthouse in incorporated town or city construed.

Acts 1915, p. 106, making it the duty of the court of county commissioners to maintain one public highway running in an easterly and westerly direction across the county, and one public highway running in a northerly and southerly direction across the county, so as to pass the courthouse, and providing that, where such highways pass through any incorporated town or city it "shall maintain the same within the corporate limits thereof," held not to require the selection of two streets in the city wherein the county courthouse was located, but contemplates that within reasonable limits the convenience and suitability of the two intersecting highways might be consulted, and any two streets selected in the reasonably near neighborhood of the courthouse would be sufficient.

3. Damages ⬉168(2)—Evidence as to later injury to right ankle properly excluded where action was for injury to left ankle by defect in street.

In an action against a city for injuries sustained by a pedestrian, consisting of a sprain of the left ankle due to stepping into a depression in a street, it was not error to exclude evidence as to later injuries to plaintiff's right ankle; such injury having nothing to do with the accident.

4. Municipal corporations ⬉812(7)—Notice to city held sufficiently to specify element of loss of time due to personal injuries.

In an action by a woman against a city for injuries to the ankle caused by stepping into a hole in a defective street, it was not error to refuse to instruct that plaintiff was not entitled to recover any damage for loss of time, for, while plaintiff may not have been entitled to compensation for household services rendered to her family within Code 1907, § 4487, still, under Acts 1915, p. 298, § 12, relating to the filing of claims for injuries with the city clerk, she specified the amount of damages claimed and that she had "lost time from her household duties," and the claim was therefore sufficient to put the city upon notice as to damages for loss of time.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by Sarah L. Carlson against the City of Birmingham for damages for personal injuries caused by stepping into a hole or depression in a public street. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

W. J. Wynn, City Atty., and W. A. Jenkins, Asst. City Atty., both of Birmingham, for appellant.

An averment that a named avenue is a public highway is a mere conclusion of the pleader. Jones v. Bright, 140 Ala. 268, 37 South. 79; Bellevue Co. v. McEvers, 168 Ala. 535, 53 South. 272. A motion to exclude testimony admitted without objection, comes too late. McCaskey Reg. Co. v. Nix Drug Co., 7 Ala. App. 309, 61 South. 484. A wife is not entitled to compensation for household services, and she cannot recover same in a suit for personal injuries. Code 1907, § 4487; So. Ry. v. Crowder, 135 Ala. 417, 33 South. 335; Birmingham So. Ry. v. Lintner, 141 Ala. 420, 38 South. 363, 109 Am. St. Rep. 40, 3 Ann. Cas. 461. No item of damages is recoverable which is not incorporated in the claim filed with the city clerk. Acts 1915, p. 297; City of Birmingham v. Prickett, 207 Ala. 79, 92 South. 7. The city of Birmingham is under no duty to maintain the avenue on which the injury occurred, and is not liable to a person injured by a defect therein. Acts 1915, p. 106; Mobile v. Harker, 204 Ala. 27, 85 South. 425; State ex rel. v. Board of Rev., 180 Ala. 489, 61 South. 368; Bessemer v. Whaley, 187 Ala. 525, 65 South. 542; State ex rel. v. Board of Rev., 201 Ala. 568, 78 South. 964; Acts 1921, p. 50; Elliott on Roads & Str. § 503.

Allen & McEwen and James H. Bradford, all of Birmingham, for appellee.

The court will take judicial notice that Third avenue, in the city of Birmingham, is a public highway, and facts so noticed need not be pleaded. Nichols v. Nichols, 192 Ala. 206, 68 South. 186; Herzfield Lbr. Co. v. Langley, 18 Ala. App. 485, 93 South. 379; Moon v. Hines, 205 Ala. 355, 87 South. 603, 13 A. L. R. 1020; L. & N. R. Co. v. Shikle, 206 Ala. 494, 90 South. 900. It is not error to exclude evidence improperly admitted, though no objection was raised to the question. A. G. S. v. Yount, 165 Ala. 537, 51 South. 737. The earnings of the wife are her separate property, and she may recover for loss thereof. Code 1907, § 4487. The fact that Third avenue has been designated as a portion of the highway through the city to be maintained by the county does not relieve the city of liability for injuries from defects therein. Acts 1915, p. 106; State ex rel. v. Board of Rev., 201 Ala. 568, 78 South. 964; City of Youngstown v. Sturgess, 102 Ohio St. 480, 132 N. E. 17.

---

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

SAYRE, J. [1] The demands of · good pleading were satisfied with the allegation of count 4, identifying the place where plaintiff received her injury, "that Third Avenue North was then and there a public highway in said city." As sustaining the demurrer taking the point that "the averment of said count to the effect that Third Avenue North was a public highway is a mere conclusion of the pleader," Jones v. Bright, 140 Ala. 268, 37 South. 79, and Bellevue Cemetery v. McEvers, 168 Ala. 535, 53 South. 272, are cited. The dictum · in Jones v. Bright is based on Walker v. Allen, 72 Ala. 456. But in Walker v. Allen the question was whether Paint Rock river was a navigable stream. Prima facie it was not navigable because the United States land survey showed it had been so treated by the government. But it may nevertheless have been navigable in fact, depending upon the rather numerous points stated in Rhodes v. Otis, 33 Ala. 578, 73 Am. Dec. 439, and it seems clear enough that the burden of averring the facts which made the river navigable,. notwithstanding the implication of the' government survey, rested upon the pleader. As for Bellevue Cemetery v. McEvers, there was no averment that the road there in question was a public highway, and the court held that the averment of facts supposed to confer status as a public highway were insufficient. These authorities do not therefore require a conclusion different from that stated in the outset, nor do we see that section 16 of the act approved August 20, 1915 (pages 298, 299), so requires.

By an act of the Legislature approved March 17, 1915 (Acts 1915, p. 106), it was made the duty of the court of commissioners of Jefferson county "to maintain one public highway running in an easterly and westerly direction entirely through and across the county, and also one public highway running in a northerly and southerly direction entirely through and across the county, each of which highways shall pass by the courthouse of such county and where such highways pass through any incorporated town or city [meaning Birmingham] shall maintain the same within the corporate limits thereof." In State ex rel. Birmingham v. Board of Revenue, 201 Ala. 568, 78 South. 964, it was held that this act imposed on the board of revenue (which is the commissioners' court in Jefferson county), where such highways pass through any incorporated town or city, not the sidewalks, but only the roadway from curb to curb. In 1916 Third Avenue North was designated by the commissioners' court as one of the highways passing through the city of· Birmingham to be maintained under and by authority of the act, and since then has been maintained at the county's expense. The defect, a hole in the pavement, which caused plaintiff's injury, is in the roadway of Third Avenue North between the curbs. Defendant, city of Birmingham, contends that it is not liable, its contention being shrewdly and forcefully argued, but coming at last to just this: It cannot be held that the Legislature intended to make the' city liable for the condition of the roadway, at the same time placing the entire duty of maintenance on the county authorities, for there can be no responsibility where there is no power to act. The act has nothing to say in regard to responsibility in cases like this. There is no language to relieve the city of responsibility; none imposing liability on the county. Construction is left to perform the office neglected by the Legislature.

[2] Our judgment is that the language of this act—which wears the guise of a general act and must be construed as such, though intended, of course, for present application to Jefferson county only—did not require the selection of the two streets of the city of Birmingham contiguous to the block on which is located the county courthouse, but that within reasonable limits the convenience and suitability of the two intersecting highways as a whole might have been consulted and any two streets selected in the reasonably near neighborhood of the courthouse, any two streets so located as best to serve the territory without as well as that within the limits of the city. A dictum in State ex rel. Birmingham v. Board of Revenue, supra, indicated that the act was affected by some such purpose. The same Legislature passed the act of September 22, 1915 (Acts 1915, p. 573), by section 13½ of which it was provided that—

"The court of county commissioners or like governing body of any county, with the consent or permission of the city council or governing body of any municipality, may establish, construct and maintain any road,' street or bridge within the corporate limits of such municipality."

And in the case already cited, construing the two acts in pari materia and as substantially contemporaneous, it was said, in effect, that it was not the legislative purpose in the act of March 17, 1915, to relieve incorporated cities and towns of their rights and duties or impose them upon the counties without regard to the will or consent of the former; one reason assigned for that conclusion being that to hold the contrary would relieve cities and towns of liability for injuries sustained on such streets and yet place none on the counties. This conclusion was thought to leave the responsibility of cities and towns undisturbed, since, they may not voluntarily divest themselves of the functions conferred or imposed upon them by law, and, while the conclusion thus stated may have been aside from the question put for decision in that case, it now appears to afford the most available solution of a problem which has been left to rest for decision

upon the vaguest grounds. This conclusion makes for some simplification of the procedure in such cases. Section 2 of the act in question, considered in connection with the construction placed upon section 1, leaves with the board of revenue the duty of making reasonable appropriations out of money subject to their disposal for road purposes, funds for maintenance, repair, and upkeep of these thoroughfares, all the rest being left with the cities and towns, and this means that defendant in this case was not entitled to rulings which would have put plaintiff out of court on the ground that in no event was the city liable.

[3] Dr. Anthony, testifying as a witness for plaintiff, described plaintiff's injury, a sprain of the left ankle, and his treatment thereof. On cross-examination, after the court had overruled plaintiff's objection to evidence of trouble with the "other ankle," this witness described a trouble on the outer side of plaintiff's right ankle, which he saw and treated about six weeks after the injury in question. He described the trouble on the outer side of the right ankle as being probably a thrombus or clot, in a vein which was relieved as soon as the vein was opened and allowed to bleed a little. He said that this trouble had nothing whatever to do with the injury to the left ankle, and said further, in effect, that it did not affect the right ankle, meaning, as we suppose, and as the jury may have inferred, that it did not affect the use or strength of the left ankle. Then on plaintiff's motion this evidence as to plaintiff's right ankle was excluded. There was in this no error, though plaintiff did not repeat the objection which had been overruled. Not only did the testimony of the witness show that this later trouble had nothing to do with the accident, but, if defendant would have had the jury find a weakness of the right ankle which may have contributed to plaintiff's injury, the evidence related to a time too remote, and, if not too remote in point of time, the fact furnished no excuse for the condition of the street.

[4] Plaintiff, as required by section 12 of the act approved August 20, 1915 (Acts 1915, p. 298), filed her claim with the city clerk. This claim—of admitted completeness in other respects—stated, among other elements of damage suffered by plaintiff, that she had "lost time from her household duties." No other claim for loss of time was stated. Plaintiff testified that she was at the time of the accident receiving $60 a month for her services as a clerk at the Terminal Station, and that for five weeks she was able to do nothing. The court refused to instruct the jury that plaintiff was not entitled to recover any damage for loss of time. This was not error. It is true that the wife is not entitled to compensation for house-

hold services she may have rendered to her family (section 4487 of the Code), but, as we look upon the statute (the act of 1915, supra), plaintiff, having stated in the claim filed with the city clerk the amount of the damages claimed by her, was under no necessity to state the elements of her recoverable damages as they needed to be stated in a complaint, but, so far as concerns this point, needed only to state with substantial accuracy the nature and character of the injury received "and the damage claimed"— that is, the total amount of the damage claimed. There was therefore no error in the court's action on the instruction requested. City of Birmingham v. Prickett, 207 Ala. 79, 92 South. 7, holds nothing to the contrary. In that case no claim showing injury to person or personal property was filed, and the ruling was that no damages for such injuries were recoverable.

It results that the judgment is affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.