(103 So. 672)

## ROBINS v. CENTRAL OF GEORGIA RY.
### (7 Div. 440.)

(Supreme Court of Alabama. April 9, 1925.)

1. **Appeal and error** ⟺1099(6)—**Pleading** ⟺8(17)—**Cause of action resting on doctrine of "turntable cases" held not changed by amendment averring a mere conclusion, and former opinion was conclusive.**

Where court on former appeal *held* complaint insufficient to bring plaintiff, 15 years old, within the doctrine of the "turntable cases," and on retrial complaint was amended by alleging in substance the same facts, but averring a willful and wanton injury, the former opinion is conclusive, as the averment as to wanton injury was a mere conclusion.

2. **Appeal and error** ⟺1201(6)—**Amendment to cause of action seeking recovery under doctrine of "turntable cases" held to set up a new cause of action.**

On remand after reversal, amendment to cause of action seeking recovery under doctrine of "turntable cases" for alleged negligent conduct of surgeon in setting plaintiff's leg after it had been broken *held* to set up a new cause of action, and properly stricken on defendant's motion, under Code 1923, § 9513.

Appeal from Circuit Court, Talladega County; A. P. Agee, Judge.

Action for damages for personal injury by Harold R. Robins, suing by his next friend, Charles S. Robins, against the Central of Georgia Railway. Following adverse rulings on pleadings, plaintiff takes a nonsuit and appeals. Affirmed.

See, also, 209 Ala. 12, 95 So. 370.

Riddle & Riddle, of Talladega, for appellant.

The count for negligence on the part of the surgeon in treating the injury did not work a departure from the original cause of action. Code 1907, § 5367; 21 R. C. L. 378; Carpenter v. Walker, 170 Ala. 659, 54 So. 60, Ann. Cas. 1912D, 863, 130 N. Y. 325, 29 N. E. 313, 14 L. R. A. 429, 27 Am. St. Rep. 529; 72 Wis. 591, 40 N. W. 228, 1 L. R. A. 719, 7 Am. St. Rep. 900.

Nesbit & Sadler, of Birmingham, for appellee.

The mere averment of a conclusion of wanton or willful negligence is not sufficient. Gandy v. Copeland, 204 Ala. 366, 86 So. 3. A new and distinct cause of action cannot be added by amendment.

GARDNER, J. Appellant's cause of action rests upon the doctrine of the "turntable cases," and upon former appeal it was held the principle of these authorities was not applicable to plaintiff, a boy 15 years of age. Central of Georgia Ry. v. Robins, 209 Ala. 6, 95 So. 367.

---

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 150.

[1] Upon remandment of the cause the complaint was amended by adding count A, wherein plaintiff attempts to set up a cause of action as for wanton or willful injury. On former appeal this court concluded that plaintiff did not come within the class to whom defendant owed the duty sought to be invoked by the principle of the "turn-table cases." The count added by amendment alleges in substance the same facts contained in the complaint on former appeal, and upon which it was held recovery could not be rested. The conclusion of the pleader added thereto as to willful or wanton conduct does not suffice to change the character of the complaint as established by the facts averred. Gandy v. Copeland, 204 Ala. 366, 86 So. 3.

Indeed, in count 3 of the original complaint plaintiff sought to state a wanton count by similar language, and count A, added by amendment, was but an elaboration thereof. We are of the opinion the holding on the former appeal is decisive of the correctness of the ruling of the trial court in sustaining the demurrer to count A.

[2] Count B, added by amendment, seeks recovery for the alleged negligent conduct of the surgeon in setting plaintiff's leg after it had been broken. The duty therein claimed to have been violated is entirely separate and distinct from that set up in the original complaint, and that which would constitute a defense to the cause of action set up in count B would not be a sufficient answer to that upon which the original complaint rested. We are of the opinion this count set up a new and original cause of action, and was such a departure from the original cause of action as to justify the trial court in striking it on defendant's motion. Section 9513, Code 1923; Steele v. Booker, 205 Ala. 210, 87 So. 203; Crawford v. Mills, 202 Ala. 62, 79 So. 456; Gulf Yellow Pine Co. v. Urkuhart, 151 Ala. 452, 44 So. 555.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.