(115 So. 31)

ALABAMA BY–PRODUCTS CORPORATION
v. COSBY.  (6 Div. 890.)

Supreme Court of Alabama.  Nov. 3, 1927.

Rehearing Denied Jan. 12, 1928.

**1. Pleading ⟐8(2)—Overruling demurrer to pleading as containing conclusion in use of words "was invited to be and play" held proper.**

In personal injury action, court did not err in overruling demurrer to allegations of complaint as containing conclusion in pleader's use of words "was invited to be and play," since in common parlance they were sufficient statement of material collective fact (citing Words and Phrases "Invitation").

**2. Negligence ⟐110—Complaint for injuries to child falling into excavation held sufficient to allege property owner's duty of reasonable care as to invitee.**

Complaint, in personal injury action, for injuries to a child of three years of age, alleging she was invited to play around excavation, and that defendant either knew, or in exercise of diligence should have known, that excavation was place of great danger to plaintiff, and that, while she was on premises of defendant, she slipped and fell into excavation, and suffered injury, held to state fact showing duty of reasonable care of defendant to end of avoiding injury to invitee.

**3. Negligence ⟐32(1)—Owner must exercise ordinary care to keep premises in reasonably safe condition for invitees.**

It is duty of owner of premises to be reasonably sure that one is not inviting another into danger, and to avoid this must exercise ordinary care and prudence to render and keep premises in reasonably safe condition for invitees.

**4. Negligence ⟐85(3)—Child of three years of age held without comprehension of danger of going on bank of excavation.**

Complaint, in action for personal injury to child of three years of age from falling into an excavation on defendant's premises, alleging physical condition of the excavation, and quo modo of invitation to be at place where she was injured, and knowledge of defendant as to danger, held good as against contention that excavation was open and obvious, since a child of three years of age could not comprehend danger of going on bank of artificial excavation near its home.

**5. Negligence ⟐32(4)—Owner permitting excavation on premises had duty to take reasonable precautions to prevent injury to children invited.**

Though excavation on defendant's property was obviously dangerous to an adult, owner was under duty to take reasonable pains and precautions to guard excavation to prevent injury to children invited to its premises.

**6. Pleading ⟐30—Use of word "excation" instead of "excavation" held not to render complaint demurrable.**

In action for personal injury to a child of three years of age from falling into open excavation on defendant's premises, use of "excation" in complaint instead of "excavation" held not to render complaint demurrable, where proper word "excavation" was repeatedly used therein.

**7. Trial ⟐253(4)—Charge held not to limit inquiry of fact to trespass vel non of child on premises, where invitation was alleged.**

Where action for personal injury to a child of three years of age from falling in unguarded excavation on defendant's premises was based

on defendant's breach of duty to invitees, charge *held* not to limit inquiry of fact to trespass vel non of plaintiff.

**8. Trial ⧉194(16)—Charge held not affirmative instruction as to plaintiff being invitee on defendant's premises.**

In action for personal injury to a child three years of age from falling into unguarded excavation on defendant's premises, oral charge of court *held* not error as affirmatively instructing as to plaintiff being an invitee on defendant's premises.

**9. Trial ⧉252(8)—Limiting jury's inquiry to invitation of defendant or trespass of plaintiff held proper, there being no evidence plaintiff was licensee.**

In action for personal injury to a child three years of age from falling in open excavation on defendant's premises, where there was no evidence authorizing change as to defendant's duty to a mere licensee, court properly limited fact inquiry to that of invitation or trespass.

**10. Negligence ⧉138(2)—Oral charge properly placed burden on plaintiff to show right to recover for injury to child as invitee on premises.**

In action for personal injury to a child three years of age from falling in unguarded excavation on defendant's premises, court in oral charge properly placed burden on plaintiff to show she was by invitation on defendant's premises, where defendant maintained an excavation dangerous in character, and should have known that children were likely to be exposed thereto, and that defendant failed to exercise care as ordinary careful person should have exercised to prevent injury, and that failure of duty was proximate cause of injury.

**11. Damages ⧉132(6)—$4,500 damages for injury to child held excessive by $1,500.**

$4,500 damages for personal injuries to a child three years of age *held* excessive by $1,-500, where child had recovered, and only disfigurement was a slight bow in her leg caused by her injury.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action for damages for personal injuries by Etta Cosby, by her next friend J. A. Cosby against the Alabama By-Products Corporation. From a judgment for plaintiff, defendant appeals. Affirmed conditionally.

Counts 3 and 5 of the complaint, upon which the trial was had, are as follows:

"(3) The plaintiff claims of the defendant the sum of $50,000 for personal injuries suffered by plaintiff proximately caused by the negligence of defendant's officers, agents, servants, or employees, while acting in line with, and within, the scope of their employment. The plaintiff avers that the defendant's officers, servants, agents, or employees, while acting in line with and within the scope of, their employment, did negligently permit a great artificial hole or excavation commonly called a mine entrance of great and dangerous depth, and dangerous to children, to be and remain upon its premises at or near Bradford in Jefferson county, unguarded, uncovered, and in such condition as to be dangerous to children under three years of age; and plaintiff further avers that she was invited to be, and to play around, said artificial hole or excavation, and that the defendant, its officers, agents, servants, or employees, either knew, or in the exercise of due diligence should have known, that said artificial hole or excavation was a place of great danger to plaintiff, and plaintiff further avers that on January 30, 1926, while on said premises by said invitation of said defendant, its officers, servants, agents, or employees, as such, the plaintiff slipped and fell into said artificial hole or excavation, and thereby suffered serious injuries to wit, a fracture of the leg near the hip, lacerations, bruises, cuts, abrasions, and contusions, from which she suffered great physical and mental pain and anguish and permanent physical injuries.

"And plaintiff says that her said injuries as aforesaid were proximately caused by the negligence of the defendant, its officers, agents, servants, or employees, while acting in line with, and within the scope of, their employment as aforesaid, wherefore this suit."

"(5) Plaintiff claims of the defendant the sum of $50,000 as damages, for that on, to wit, January 30, 1926, plaintiff, who is a minor, and under the age of three years, was living with her father and in his home, which home was located on the defendant's premises at or near Bradford, in Jefferson county, Ala. Plaintiff avers that, previous to said date, the plaintiff's father, J. A. Cosby, had become employed by the defendant to work in and around the defendant's coal mine, and that the entry to said coal mine was, to wit, within 40 feet of the home in which the plaintiff was living on, to wit, January 30, 1926, and plaintiff avers that the defendant owned said home, which was a wooden building, and that the defendant owned other homes or wooden buildings used for homes, on its said premises, and in immediate proximity to, and about said mine, and that the defendant leased said home to the father of this plaintiff as a part of the contract of employment of the plaintiff's said father, and plaintiff avers that, at the time her said father entered into the contract of employment and the contract whereby the defendant agreed to permit the said father to use the said home, the plaintiff's father did notify the agent of the defendant, with whom the said contract was made, that he had five children, and that plaintiff further avers that the said agent of the defendant knew that the said house which plaintiff's father was to occupy was approximately within 40 feet of the entry to the said mine. Plaintiff further avers that as a part of the entry to said mine there was a ditch or excavation of varying depths, and that the sides of said ditch or excavation were approximately perpendicular, and that in some places the said ditch or excavation was 12 feet in depth, and along the bottom of said ditch the ground was hard, and there were rocks embedded therein. Plaintiff further avers there were no guards around said ditch or excavation, and that there was no wall, and that the top of said ditch or excavation was on a level with the surrounding ground and territory, and, after a rain would become slick and slippery, and that there was no wall or obstruction of any

kind between the home which was occupied by plaintiff and her father and the said ditch or excavation. Plaintiff further avers that said ditch or excavation was an artificial ditch or *excation*, maintained there as such by the defendant. Plaintiff further avers that there were other small children in the houses owned by the defendant, and who were the children of the men working for the defendant company, and that said children did play on the premises of the defendant, and that there were houses on either side of said *excation*, and the defendant's servant, agent, or employees, acting for the defendant, within the line and scope of their duty as such, in and around said mine and premises, knew that children did play on said premises. Plaintiff further avers that said ditch or excavation was dangerous for children of immature years, which fact was known to the defendant, if said children should be playing on and around the premises owned and maintained by the defendant at said time and place. Plaintiff further avers that, if defendant did not know that children played in and around said excavation or ditch, it should have known such by the exercise of reasonable diligence, and that, if it did not know that the same was dangerous for children of immature years, it could have known such fact by the exercise of reasonable diligence. Plaintiff further avers that on the date aforesaid she was close to said dangerous ditch or excavation, and did fall therein, and did fall in close proximity to a rock, which was embedded in the mud in the bottom thereof. Plaintiff further avers that her father bought coal from the defendant, and it did deliver plaintiff's coal and place it within about 8 feet of the excavation, which coal was to be used, and was used, by the plaintiff's father and family in the home before described. Plaintiff further avers that the contract or lease of the said house by the defendant to the father of the plaintiff was not in writing, and that the premises were not particularly described in the contract, but that plaintiff's father was given by the defendant for a consideration of, to wit, $6 a month, the use of the house and the premises, and that the premises were not fenced or inclosed, and there were no lines of any kind defining the extent or boundaries of said premises, and plaintiff's father did, after becoming an occupant of said house and premises, use the said premises immediately next to the said ditch or excavation for removing the coal from the pile of coal before described. Plaintiff further avers that the said ditch or excavation was about 10 feet in width, and gradually descended to an opening into the ground, which was used by the defendant as an entry into the mine at the time the plaintiff's father moved into the house, and was being used as such on January 30, 1926. Plaintiff further avers that on, to wit, January 30, 1926, she was between the coal pile and the ditch or excavation, and it had been raining, and she did fall in said ditch or excavation as aforesaid, breaking her leg, bruising and lacerating her, causing her to suffer much physical pain and mental anguish, and has been permanently injured and deformed, all to her damage as aforesaid. Plaintiff avers that all of her said injuries and damages were the proximate result of the defendant's negligence in and about its control of said deep ditch or excavation, in that the defendant failed to exercise reasonable dili-

gence to adopt reasonable and proper safeguards to protect plaintiff from the danger of falling into the deep ditch or excavation under the circumstances and conditions as hereinbefore set forth."

Defendant excepted to the following excerpts from the oral charge of the court:

"Whether or not the plaintiff was a trespasser upon the premises on which this ditch or excavation was located is a question of fact for the determination of the jury under all the evidence in the case. Now, in determining such fact you may take into consideration the relation of the father of the plaintiff to the defendant, and the undisputed evidence in the case is that this little girl's father was a tenant of the defendant, and you may take into consideration whether or not the premises upon which this ditch or excavation was located was necessary for the comfort and convenience of the plaintiff's father and his family. Now, if the relation and the facts in the case are such as to render the place necessary for the comfort and convenience of this plaintiff's father and his family, and the home there, and he had a right to be there, why, then that right would extend to members of his family, and that includes the plaintiff in this case."

"Whether or not the defendant observed that reasonable degree of care an ordinary prudent person would have observed in having and maintaining the ditch or excavation on the premises, and whether or not such ditch or excavation was dangerous to those on the premises, by invitation either express or implied, are questions for the determination of the jury under all the evidence in the case."

"Whether or not the defendant had knowledge of the dangerous ditch or excavation, if any, or knowledge that children were wont to be about, or by the exercise of reasonable diligence should have known that children would be about, the premises, and their coming in contact with it was dangerous to them, and whether or not defendant left such place exposed, and whether or not, with such knowledge of such facts and circumstances, the defendant used reasonable care to guard against injury, and whether or not the act or omission of the defendant, if any, in this regard, proximately contributed to the injury, are questions of fact for the determination of the jury, under all the facts in the case."

"Now, if the jury are reasonably satisfied from the evidence that the child was on the defendant's premises by invitation of the defendant, either express or implied, and that the defendant had maintained a ditch or excavation of dangerous character, and knew that children were wont to be about, or by the exercise of reasonable diligence should have known that children were wont to be about, the place, and if such ditch, if left exposed, was such a place that children were likely to come in contact with, and it was obviously dangerous to them, and the defendant failed to exercise such reasonable care as an ordinary reasonably prudent person would exercise to prevent injury to them, and such act of the defendant proximately caused the alleged injuries, then your verdict should be in favor of the plaintiff."

Cabaniss, Johnston, Cocke & Cabaniss and Brewer Dixon, all of Birmingham, for appellant.

A landowner is under no duty towards trespassers or licensees, adult or infant, to guard or inclose ditches, excavations, ponds, or pits existing on his land, to prevent such trespassers or licensees from falling therein. Such ditches, etc., embody perils which are deemed obvious to children even of tenderest years, and no liability attaches to the proprietor by reason of injury to children while playing thereabouts. Eades v. Amer. C. I. P. Co., 208 Ala. 556, 94 So. 593; 36 A. L. R. 34–294; Gandy v. Copeland, 204 Ala. 366, 86 So. 3; Thompson v. Alexander City C. Mills, 190 Ala. 184, 67 So. 407, Ann. Cas. 1917A, 721; McCabe v. Amer. Woolen Co. (C. C.) 124 F. 283; Athey v. T. C. I. & R. Co., 191 Ala. 646, 68 So. 154. The liability of the landowner who expressly invites others to enter his premises is only coextensive with his invitation, and his duty of care is limited to that. Gavin v. O'Connor, 99 N. J. Law, 162, 122 A. 842, 30 A. L. R. 1383; 30 A. L. R. 1390, note; Ryerson v. Bathgate, 67 N. J. Law, 337, 51 A. 708, 57 L. R. A. 307; Dalin v. Worchester C. S. R. Co., 188 Mass. 344, 74 N. E. 597. Refusal to grant a new trial on ground the verdict was contrary to the great preponderance of the evidence will be reversed if, after allowing all reasonable presumptions in favor of the correctness of the verdict, the preponderance of the evidence against the verdict is so decided as to involve the conviction that it is wrong and unjust. L. & N. R. Co. v. Rush, 208 Ala. 516, 94 So. 577; Peters v. Southern Ry. Co., 135 Ala. 533, 33 So. 332; Cudd v. Bentley, 204 Ala. 586, 87 So. 85.

Black & Fort and Fort, Burton & Jones, all of Birmingham, for appellee.

A landowner or occupier owes a duty of care to those who come upon his land by invitation, express or implied, to so guard or protect a dangerous excavation as to prevent injury to such invitee where such dangerous excavation is left so exposed that such invitee may be likely endangered by it. Thompson v. Alexander Cot. Mills, 190 Ala. 184, 67 So. 407, Ann. Cas. 1917A, 721; Gandy v. Copeland, 204 Ala. 366, 86 So. 3; Athey v. T. C. I. & R. Co., 191 Ala. 646, 68 So. 154; Mudd v. Gray, 200 Ala. 92, 75 So. 468; Southern Ry. v. Bates, 194 Ala. 78, 69 So. 131, L. R. A. 1916A, 510; Scroggins v. A. & G. P. Co., 179 Ala. 213, 60 So. 175; A. G. S. v. Godfrey, 156 Ala. 202, 47 So. 185, 130 Am. St. Rep. 76; M. & E. Ry. Co. v. Thompson, 77 Ala. 448, 54 Am. Rep. 72; Eades v. Amer. C. I. P. Co., 208 Ala. 556, 94 So. 593. It is the duty of the owner who invites a child of 3 years to be around and about a dangerous excavation to guard and protect same so that such child will not be injured by falling therein. Authorities, supra. It is the duty of the landowner to keep in reasonably safe condition those ways and approaches and that part of the premises over which he retains exclusive control so that they may safely be used by members of the tenant's family. Phillips v. Library Co., 55 N. J. Law, 307, 27 A. 478; Golob v. Pasinsky, 178 N. Y. 458, 70 N. E. 973; Looney v. McLean, 129 Mass. 33, 37 Am. Rep. 295. It was not necessary to allege the quo modo of the invitation to plaintiff. 4 Words and Phrases, 3760; Birmingham v. Carlson, 209 Ala. 428, 96 So. 333; Knox v. Rivers Bros. Co., 17 Ala. App. 630, 88 So. 33; Wood v. Barnett, 208 Ala. 295, 94 So. 338; Hughes v. Bickley, 205 Ala. 619, 89 So. 33, An invitation may be inferred from evidence of a path. United Zinc & C. Co. v. Britt, 258 U. S. 268, 42 S. Ct. 299, 66 L. Ed. 615, 36 A. L. R. 28; Phillips v. Library Co., supra.

THOMAS, J. Counsel for the appellant cite the attractive nuisance cases. They are collected in Gandy v. Copeland, 204 Ala. 366, 86 So. 3, and adhered to by this court. Golson v. Covington Mfg. Co., 205 Ala. 226, 87 So. 439; Eades v. Amer. Cast Iron Pipe Co., 208 Ala. 556, 94 So. 593; Robins v. Central of Ga. Ry., 212 Ala. 596, 103 So. 672. See, also, 36 A. L. R. 69, note, et seq.; 23 A. L. R. 1009, note.

The rule of duty as to an invitee, and especially as to a child of tender age, irrespective of whether the inquiry was by reason of an attractive nuisance, is stated in Thompson v. Alexander City Cotton Mills, 190 Ala. 184, 191, 67 So. 407, Ann. Cas. 1917A, 721, and cited with approval in later decisions. Gandy v. Copeland, 204 Ala. 366, 86 So. 3; Golson v. Covington Mfg. Co., 205 Ala. 226, 229, 87 So. 439. And appellee insists that he drew his pleading under the general rule of duty rather than the special rule as to an attractive nuisance. It is, though the proprietor is not responsible for the negligent act or omission, as that of an independent contractor, yet the inherently dangerous character of the instrumentality installed or created on his premises raises the "proprietor's duty to take reasonable care that his invitees or licensees will not suffer injury from such agency, and this duty is emphasized where notice or knowledge of the customary presence of children about such danger is possessed by the proprietor"; that is to say, "an element of this duty is the" law's "exaction that a proprietor shall exercise reasonable care and diligence to inspect his premises, with a view to becoming sufficiently advised to meet this duty's demand toward those who it is reasonable to expect will enter the premises." Golson v. Covington Mfg. Co., 205 Ala. 226, 229, 87 So. 439, 441; 17 A. L. R. 855, note; 23 A. L. R. 1010, note.

[1] There was no error in overruling demurrer to count 3, challenged as containing mere conclusions of the pleader in the use of the words "was invited to be and play," etc. The word "invited" was not a mere conclusion, and in common parlance the sufficient state-.

ment of a material collective fact. 4 Words and Phrases, p. 3760. There is analogy in our cases permitting such words and phrases in pleadings as "public highway"; "duly presented"; "necessary for a sale for division"; and "made or brought about a sale." Such statements have been permitted. City of Birmingham v. Carlson, 209 Ala. 428, 96 So. 333; Wood v. Barnett,. 208 Ala. 295, 94 So. 338.

It will be further observed of this and other counts that they are not rested upon the attractive nuisance cases, but upon the general duty in the premises of a landowner to third persons who are invitees and licensees, and especially to children of tender age invited upon the premises, and known to be exposed to dangerous artificial agencies. This was the theory of the trial that resulted in the judgment from which the appeal is taken.

In Eades v. Amer. Cast Iron Pipe Co., supra, the observation was that the child when injured was at 'a place where it had no right to be. It is stated in that opinion that appellant's reliance was for recovery upon "the attractive nuisance and pitfall or concealed peril doctrine." The case of Gandy v. Copeland, supra, relied upon the attractive nuisance theory for his implied invitation. And the case of Thompson v. Alexander City Cotton Mills, supra, held no error in refusing to set aside the verdict, since the injury did not occur to the child while occupying the place where the children of employees (and the plaintiff's intestate) were accustomed to be or play, and were not invited—expressly or by implication—to be within the zone of danger and where the injury occurred. And in Athey v. Tenn. Coal, Iron & Ry. Co., 191 Ala. 646, 68 So. 154 (as to the city) it was declared to rest upon the ground that the child had no right to be at the place where the injury occurred, and as to the Tennessee Coal, Iron & Railway Company it had no control of the construction, operation, or repair of the ditch in which intestate was drowned.

.[2, 3] In the count challenged it is alleged that "she was invited to be and to play around said artificial hole or excavation, and that the defendant, its officers, agents, servants, or employees, either knew, or in the exercise of due diligence should have known, that said artificial hole or excavation was a place of great danger to plaintiff, and plaintiff further avers that on January 30, 1926, while on said premises by said invitation of said defendant, its officers, servants, agents, or employees, as such, the plaintiff slipped and fell into said artificial hole or excavation, and thereby suffered serious injuries." Thus is sufficiently stated the facts showing the duty in the premises of reasonable care on the owner to the end of avoiding injury to such invitee. It is the duty to be reasonably sure that one is not inviting the other into danger, and to avoid this one must exercise ordinary care and prudence to render and

keep the premises in a reasonably safe condition for such visitor. Bennett v. L. & N. R. Co., 102 U. S. 577, 580, 26 L. Ed. 235; Southern Ry. Co. v. Bates, 194 Ala. 78, 85, 69 So. 131, L. R. A. 1916A, 510.

In Thompson v. Alexander City Cotton Mills, 190 Ala. 184, 191, 67 So. 407, 410 (Ann. Cas. 1917A, 721), Thompson on Negligence, § 1030, is quoted with approval as follows:

" '(1) That, where the owner or occupier of grounds brings, or artificially creates something thereon, which, from its nature, is especially attractive to children, and which, at the same time, is dangerous to them, he is bound, in the exercise of social duty and the ordinary offices of humanity, to take reasonable pains to see that such dangerous things are so guarded that children will not be injured by coming in contact with them. (2) That, although the dangerous thing may not be what is termed an "attractive nuisance" (that is to say, may not have especial attraction for children by reason of their childish instincts), yet where it is so left exposed that they are likely to come in contact with it, and where their coming in contact with it is obviously dangerous to them, the person so exposing the dangerous thing should reasonably anticipate the injury that is likely to happen to them from its being so exposed, and is bound to take reasonable pains to guard it, so as to prevent injury to them.' "

This rule was also approved in Gandy v. Copeland, 204 Ala. 366, 370, 86 So. 3.

[4, 5] The pleader sought, in count 5, to set out the physical condition or alleged nuisance, and the quo modo of the invitation to be at the place where she was injured, and knowledge on defendant's part of the danger.

This averment of duty and the failure thereof and consequent injury is within the second class or category of liability given statement in Thompson v. Alexander City Cotton Mills, supra. It is no answer to the pleading that it showed that the excavation was "open and obvious." The child of three years of age could not comprehend the danger of going upon the bank of the averred artificial excavation so near its home. Though the same was obviously dangerous to an adult, and its condition open to view, yet this would not relieve him who created and maintained the artificial and dangerous thing or agency, and left it so exposed as that children invited there are likely to come in contact with it and be injured, as we have indicated in such a case, the person so exposing the dangerous thing, situation, or agency should reasonably anticipate the injury that is likely to happen to a child so exposed, at the place of invitation, and the duty in the premises is to take reasonable pains and precaution to guard against the danger to prevent injury to children so invited to its proximity and exposure.

[6] The complaint was free from demurrers directed thereto. The use of the word "excation" in count 5 is self-explanatory when referred to the context and other statements

of the count, and could but mean excavation. The proper word (excavation or ditch) was repeatedly used, and the pleading is so considered. It stated a cause of action, and the question of fact was for the jury.

[7-9] The first exception to the oral charge that the inquiry of fact was limited to trespass vel non of plaintiff is not well founded, and the jury was not instructed affirmatively as to her being an invitee. If it were susceptible of being misunderstood, as argued by counsel, explanatory charge may have been requested. In the case of Thompson v. Alexander City Cotton Mills, supra, it was declared that the boy had departed from the place of invitation, and thereby became a mere licensee. This is also the effect of Athey v. T. C., I. & Ry. Co., 191 Ala. 646, 68 So. 154, and Eades v. Amer. Cast Iron Pipe Co., 208 Ala. 556, 94 So. 593. There is no evidence that authorized a change as to duty in the premises to a mere licensee. And the trial court did well to limit the inquiry to that of invitation or trespass. And, leaving the inquiry to the jury of whether the plaintiff was an invitee, there was no error in that part of the oral charge made the basis of the fourth assignment of error.

The part of the oral charge made the basis of the sixth assignment of error was in accord to the view we have expressed, and the second class or statement of duty we have above quoted from the Thompson Case. There was no reference in the charge to an "attractive nuisance," and no assumption by the trial court that such nuisance was created, causing the injury as declared upon.

[10] The court, by hypothesis, placed the burden on plaintiff to show the required or material elements of her right of recovery—that she was there by invitation, where defendant maintained a ditch or excavation that was dangerous in character, knew, or should have known, that children such as she was were likely to be exposed to that danger, and failed to exercise such reasonable care as an ordinary, reasonably prudent and careful person would exercise to prevent injury, and that defendant's failure of duty as to this was the proximate cause of the injury for which suit was brought. This correctly stated the burden of proof as to the several elements entering into the inquiry of facts submitted to the jury under the law.

[11] If after allowing all reasonable presumptions in favor of the correctness of the verdict, the preponderance of the evidence is against the verdict, and is so decided as to induce the conviction that it is wrong and unjust, the new trial should be granted. N., C. & St. L. Ry. Co. v. Crosby, 194 Ala. 338, 70 So. 7; Cudd v. Bentley, 204 Ala. 586, 87 So. 85; L. & N. R. Co. v. Rush, 208 Ala. 516, 94 So. 577; Twinn Tree Lumber Co. v. Day, 181 Ala. 565, 61 So. 914. We have carefully considered the evidence, and given a careful reading to the testimony of Drs. Mason and Carraway, with that of J. A. Cosby as affecting her power of locomotion, that there is no permanent injury shown. The attending physician, Dr. Carraway, testified that the child had recovered, and he had dismissed her as "cured." And Dr. Mason says there is disfigurement by reason of a "slight bow" in the leg caused by her injury; that it is hard to say whether there will be a "permanent disfigurement from the standpoint of the naked eye"; thinks, if it be perceptible at all, it will be slight," as she grows older. Plaintiff's evidence showed that she suffered and wore a plaster cast about nine weeks, and that he incurred slight bills for hospital and transportation of the child thereto.

It is submitted and argued that the trial court committed reversible error in overruling the defendant's motion for a new trial. We have examined with care the evidence relating to the nature and extent of plaintiff's alleged disability and probabilities vel non of its permanence, and our judgment is that the judgment of $4,500 is excessive and within the rule. All things duly considered we think that $3,000 would be the proper compensation for plaintiff's injuries, suffering, and expense.

It is ordered that, unless plaintiff files with the clerk of this court a remittitur of the excess of $1,500 within 30 days hereafter, the judgment will be reversed, and the cause remanded for another trial. Birmingham Amusement Co. v. Norris (Ala. Sup.) 112 So. 633, 638.[1] If, however, such a remittitur be duly entered, the judgment as thus reduced to $3,000, with interest, will be affirmed.

Affirmed conditionally.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.