(118 So. 640)

**BIRMINGHAM ELECTRIC CO. v. KIRK-LAND.** (6 Div. 176.)

Supreme Court of Alabama. Oct. 11, 1928.

Rehearing Denied Nov. 30, 1928.

430

Nesbit & Sadler, of Birmingham, for appellant.

Fort, Beddow & Ray, of Birmingham, for appellee.

THOMAS, J. The case was given to the jury under count A. The other counts were withdrawn.

Assignment of error raises the question of the sufficiency of count A as against the demurrer directed thereto. The duty owing by defendant to the plaintiff was shown. The count was drawn upon the theory or the general rule of duty not to make dangerous and extraordinary use of the public highway as to cause the injury for which the suit was brought. Alabama By-Products Corp. v. Cosby, 217 Ala. 144, 115 So. 31. The substance of the count is as follows:

"* * * The defendant's servants, agents, officers, or employees, while acting in line with

and within the scope of their employment, did leave a greatly dangerous thing, to wit, a vessel in which a large fire was burning and from which there was being emitted much smoke and blazes and in which the coals of fire were glowing and which was about 15 inches high, exposed and unguarded with no barrier erected thereabout and with no protection to prevent small children from coming in contact therewith on the public streets in the city of Birmingham at, to wit, between Sixth and Seventh Aves. and Fortieth Street North."

The averment is that the defendant or its duly authorized agent, in the discharge of the duties of his employment, did leave a dangerous thing or agency in the public street, causing the injury to plaintiff. It cannot be urged successfully by defendant master, on demurrer, that the same is open to the inference that some other person than defendant or its authorized agent was responsible for the presence of such "dangerous thing" on the street, at the point and under the circumstances described, and that this caused the injury to plaintiff. As to this the averment is explicit. The leaving in the public street, unguarded, an inherently dangerous instrumentality raises the duty, at the time, place, and circumstances detailed, to exercise reasonable care that children and others rightfully there do not suffer injury from such unusual and dangerous condition or instrumentality. Alabama By-Products Corp. v. Cosby, 217 Ala. 144, 115 So. 31; Thompson v. Alexander City Cotton Mills, 190 Ala. 184, 67 So. 407, Ann. Cas. 1917A, 721. Defendant was charged with the knowledge of the circumstances and reasonably probable injurious results that may come from such unguarded and dangerous condition or instrumentality placed by it in the street where the injured child had the right to be and was, when injured.

■ Count A was grounded upon the common-law duty and rule of negligence in and about the placing, leaving, or handling a greatly dangerous thing or condition located as it was, in or near the public highway. For general authorities, see French v. Holt, 53 Vt. 364; City of Milwaukee v. Davis, 6 Wis. 377. That pleading was drawn under Thompson v. Alexander City Cotton Mills Co., 190 Ala. 184, 67 So. 407, Ann. Cas. 1917A, 721, wherein the rule of conduct in the premises is thus declared:

"Although a dangerous thing may not be an attractive nuisance, yet if it is left exposed so that children are likely to come in contact with it, and their getting in contact with it is obviously dangerous to them, the persons exposing the dangerous thing should reasonably anticipate the injury that is likely to happen to them, and is bound to take reasonable pains to guard it so as to prevent injury."

The words employed, "leave" and "left," used respectively in the count and in the excerpt from the Thompson Case, have a broad meaning, and are expressive of the duty of defendant in the premises, though the instrumentality described be not specially attractive to children by reason of childish instinct. The duty in the premises rested upon defendant, by reason of the obviously dangerous thing being left or exposed unguarded on the street, where persons had the right to be, and were likely to come in contact therewith to their injury. The person so leaving and exposing such dangerous instrumentality was required, by the time, place, and circumstances, to reasonably anticipate the likely and probable injury from it being so left or exposed on the street, without reasonable pains to guard it so as to prevent injury to persons coming upon the street, which embraced the infant of less than seven years of age who was injured. Alabama By-Products Corp. v. Cosby, supra; Thompson v. Alexander City Cotton Mills Co., supra.

■ The count was not demurrable on the further ground for not averring the length of time the dangerous instrumentality remained unguarded upon the street. The case of Shelby Iron Co. v. Morrow, 209 Ala. 116, 119, 95 So. 370, cited by appellant, was of an obstruction on the highway in the country, not inherently dangerous but merely likely, and did frighten a horse passing along that road. In B. R. L. & P. Co. v. Smyer, 181 Ala. 121, 61 So. 354, 47 L. R. A. (N. S.) 597, Ann. Cas. 1915C, 863, the different rules prevailing as to urban and rural highways are discussed, and in urban communities all interruptions and obstructions upon the streets "must be justified by (the reasonable) necessity" of the case. In the instant complaint the charge is that the defendant left *unguarded* a greatly dangerous thing in the public street, knowing that children were likely to or probably would come in contact therewith and be injured. The reasonable necessities of the case, or circumstances of the instrumentality on the street at the time, did not excuse its leaving unguarded an inherently dangerous thing, as it was. In this was the difference from the Morrow Case, supra, where a stalled engine or tractor was left for a while unguarded on the public highway in the country. The necessities of such latter condition demanded a reasonable time for action in the premises. In some circumstances in the city a defendant may have the right to use a dangerous electrical apparatus or instrumentality, or to operate an agency for combustion or fire for warming upon the street, though such use, according to time and circumstances, may be greatly dangerous to the passing public. This, however, is not saying that such defendant had the right to have and leave such obviously dangerous condition, instrumentality, or thing upon the street unguarded, or without reasonably protecting the public therefrom. The knowledge of such dangerous instrumentality and that of the circumstances of the time, place, and persons exposed thereto by its unguarded use upon the highway

imposed the constant and continuing duty to reasonably anticipate the dangers thereof or therefrom, and this continuing duty was upon the defendant, imposing such extraordinary or additional servitude upon the street. The complaint was not subject to any grounds of demurrer directed thereto. Alabama By-Products Corp. v. Cosby, supra.

The issue of fact was the general issue to count A. No question of contributory negligence of the parent (Ala. Power Co. v. Stogner, 208 Ala. 666, 95 So. 151), nor of the infant under seven years of age. was nor could be presented (White Swan Laundry Co. v. Wehrhan, 202 Ala. 87, 79 So. 479). The plaintiff offered evidence and closed when defendant declined to offer evidence and sought affirmative instruction of the court, which was denied.

It was without dispute that defendant was using a portion of the street in preparing to put down a main therein. The evidence singularly failed to show a permit or right to so work upon a portion of the street. Its presence and engaging in the work at hand was before the jury. There was no error in the refusal of certain charges (Nos. 3, 5, 2, and 4) to the effect that defendant had a right of exclusive occupancy of the street. The burden of showing its rightful use of the extraordinary burden and obstruction placed thereon, at the time and place in question, was upon the defendant. And offering no evidence as to this, the court will not be put in error in refusing said charges predicated on evidence not so offered. Furthermore. the complaint is not based upon the question whether or not defendant had the right to be and to excavate in the street, but declared for defendant's negligence in using the street as described—the failure to guard a greatly dangerous thing on the occasion and at the time and place in question.

Appellant confesses that the bucket in which there was fire "had no direct connection with the laying of the pipe" in the public highway. The use, and placed as it was upon the street, unguarded, presented the issue of fact on simple negligence vel non. The evidence, or inferences therefrom, justified the refusal of affirmative instructions requested.

The charge, "If you believe the evidence, the defendant was not violating any law in having on the job some means by which the workmen could warm themselves," was misleading and tended to confuse the jury on the issue of negligence vel non, as to whether or not it left unguarded upon the street a greatly dangerous agency that resulted in the proximate injury to an infant under seven.

Charge No. 7 was as follows:

"If you believe the evidence the fire in the bucket did not amount to an attractive nuisance in such way as to render the defendant liable because of its presence in the street."

Appellant says:

"Defendant may have been liable for some negligence in respect to the bucket (of fire), but * * * liability cannot be fixed merely because a bucket of fire was in the street."

If the practical effect of the charge was not that of general affirmative instruction of nonliability, and invaded the province of the jury, it was misleading under the issue of fact presented by the general issue to count A, declaring, as it did, that defendant or its agent had left a greatly dangerous agency or thing *unguarded* in the street with full knowledge of all the circumstances that small children were likely to and did come in contact therewith to their injury. The charge was correctly refused.

The trial court sustained demurrers to the attractive nuisance counts 1 and 2, and thus eradicated the issue of fact on which several charges were refused. The subject was discussed in Thompson v. Alexander City Cotton Mills Co., supra; Gandy v. Copeland, 204 Ala. 366, 86 So. 3; Golson v. Covington Mfg. Co., 205 Ala. 226, 87 So. 439. And count A presents a case, not of an attractive nuisance, but that made by the stated facts of an alleged danger of leaving such instrumentality and fire unguarded and exposed on the street, and under circumstances imputing simple negligence to defendant, its liability attached. Ala. By-Products Corp. v. Cosby, supra; Thompson on Negligence, § 1030. That is for lack of the exercise of reasonable care and diligence in the premises. Charge No. 10, refused to defendant, fails to take account of this duty, and was otherwise misleading in the reference to an attractive nuisance. The court committed no error in its refusal.

The oral charge of the court duly submitted the issue of fact to the jury.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.