## COLLINS v THE STATE.

Construing together all the provisions of the act of October 20, 1879, "for the prevention of cruelty to children," a male person who has attained the physical strength and stature of manhood and who is "almost as large as his father but not quite as strong," is not a "child" in the sense in which this word is used in that portion of the act in question, now embodied in section 4612(h) of the code. This word as here used means a child of tender years, or a person between infancy and youth. October 21, 1895.

*Certiorari.* Before Judge Hutchins. Gwinnett superior court. September term, 1895.

*L. F. McDonald* and *R. W. Peeples,* for plaintiff in error. *R. B. Russell, solicitor-general,* contra.

SIMMONS, Chief Justice.

John Collins was tried in the county court of Gwinnett county upon an accusation under section 4612(h) of the code, charging him with cruelly beating, etc.; Robert Collins, his minor child. He was found guilty, and took the case by *certiorari* to the superior court; the *certiorari* was overruled, and he excepted. The main ground of exception is, that it did not appear from the evidence that the person alleged to have been beaten was a child. The evidence in the record does not show directly the age of this person, but does show that he was of the size and strength of a man, that he was almost as large and strong as his

father, who was only "a little the best man," and that he had worked the public roads for three years, which would make him nineteen years old if he commenced such work at the age when under the law he became subject to road duty.

Section 4612(h) of the code, upon which the accusation was based, is taken from the third section of the act of October 20th, 1879, entitled "an act for the prevention of cruelty to children." (Acts 1878–9, p. 162.) The first and second sections of the act (Code, §§4612(f), 4612(g)) have reference expressly to children under twelve years of age; the third and last section reads as follows: "Whoever shall torture, torment, deprive of necessary sustenance, mutilate, cruelly, unreasonably and maliciously beat or ill-treat, or cause to be tortured, tormented, deprived of necessary sustenance, mutilated, cruelly, unreasonably and maliciously beaten, any child, shall be guilty of a misdemeanor," etc. Construing together all the provisions of the act, and giving the word "child" its ordinary and popular meaning, the section above quoted is clearly inapplicable to the case at bar. Except where used as a term of relationship—which is not the case here, for the language is, "whoever" shall torture, etc., "any" child,—no one in the ordinary use of the term would apply it to a person who had attained the physical strength and stature of manhood, or even to a person who had entered the period of youth; and there is nothing in the language of the statute to indicate that the legislature intended to use the term in a broader sense than that in which it is ordinarily employed. There is no reason to suppose that it was intended to include youths who are in law old enough to perform road duty and military service. Indeed it is manifest that the statute was intended for the protection only of those of tender years, who by reason of their physical immaturity are unable to protect themselves and are helpless against the cruelty of older persons. Black's Law Dictionary, in

defining the term "child," says that in laws for the protection of children it means generally the young under the age of puberty. See also Allen *v.* The State, 7 Tex. App. As used in the present instance, we think it means children of the period between early infancy and youth. At any rate we are quite clear that it does not apply to a person of the age, size and strength of the person alleged to have been beaten by the accused in this case.

*Judgment reversed.*