(95 South. 367)

## CENTRAL OF GEORGIA R. CO. v. ROBINS.
### (7 Div. 238.)

(Supreme Court of Alabama. Jan. 4, 1923.)

1. **Exceptions, bill of** ⬛══32(1)—**Indorsement of bill of exceptions by justice of Supreme Court held proper under statute.**

Where a special judge presided at a trial judgment being rendered June 2, 1921, and within 90 days the regular judge returned, thus terminating the jurisdiction of the special judge, and thereafter on September 7, 1921, the special judge took a bill of exceptions found in the office of the clerk, and which had been filed August 27, 1921, and approved it September 19, 1921, but appellant's counsel detached the sheet containing the indorsement and presented the bill to a justice of the Supreme Court, who indorsed and approved it October 11, 1921, the bill was properly presented to and settled by the justice, under Act Sept. 25, 1915 (Gen. Acts 1915, p. 816) amending section 3022 of Code 1907.

2. **Negligence** ⬛══23(2)—**"Boy" 15 years old held not a "child of tender years" within turntable case doctrine.**

The doctrine of the turntable cases is not applicable to a boy 15 years of age of normal growth and intelligence, who suffered an injury while playing on the turntable of a railroad company which was left unfastened, the doctrine being applicable to a "child of tender years" only, by which is usually understood one under the age of puberty, or not old enough to dispense with maternal aid and care.

Appeal from Circuit Court, Talladega County; S. W. Tate, Special Judge.

Action by Harold R. Robins, by his next friend, Charles S. Robins, against the Central of Georgia Railroad Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

This cause was submitted on motion to strike the bill of exceptions. The trial was presided over by the Honorable S. W. Tate, appointed as special judge. The trial was had June 1, and judgment rendered June 2, 1921. Before the expiration of 90 days from the date of the trial, the regular judge .of the circuit returned, the jurisdiction of the special judge terminated, and said special judge, on June 25, 1921, returned to his home in Calhoun county, where he remained until September 7, 1921.

On August 27, 1921, counsel for appellant filed his bill of exceptions with the clerk of the court. Thereafter, on September 7, 1921, the special judge, being in the office of the clerk, found said bill of exceptions, took it therefrom and carried it to his home in Calhoun county where, after correcting it, he indorsed it as follows:

"Wherefore said defendant presents and tenders to Hon. S. W. Tate, special judge of said court, the above, and prays that the same be signed and sealed as his bill of exceptions in said cause; and the same was duly presented to said judge on the 7th day of September, 1921, within the time allowed by law, and is approved, signed, and sealed by said judge as the lawful bill of exceptions of defendant in said cause, on this the 19th day of September, 1921.

"S. W. Tate, Special Judge.

"Indorsement: Presented to the undersigned by defendant on this the 7th day of September, 1921.        S. W. Tate, Judge."

After the bill as thus indorsed was returned to the office of the circuit clerk, counsel for appellant obtained the same, detached the sheet containing the indorsement of the special judge and presented it to a justice of the Supreme Court who made the following indorsement:

"It appearing to me, Thomas C. McClellan, Associate Justice of the Supreme Court of Alabama, that the above case was tried before the Honorable S. W. Tate, judge of the circuit court of Talladega county and that said judge was out of the county in which the case was tried and further that his term of office expired before the within bill of exceptions was presented and within ninety days from the date of the trial of said case, and it further appearing that the within bill was filed with the clerk of the court within ninety days from the date of the trial of said case:

"Now, therefore, it is by me, as Associate Justice of the Supreme Court of Alabama, hereby indorsed presented to me as such Associate Justice on this the 11th day of October, 1921. And it further appearing that the parties by their attorneys have agreed upon said bill of exceptions, it is hereby approved and signed as a true and correct bill of exceptions in said cause.

"Done at Montgomery, Alabama, on this 11th day of October, 1921. Thos. C. McClellan, an Associate Justice of the Supreme Court of Alabama."

A ground of the motion to strike is that the bill was not presented to the presiding judge within 90 days from the date of the trial; that it was not sufficient to file the same with the clerk of the court, but that it should have been presented to the special judge within 90 days. The facts on the merits of the case sufficiently appear in the opinion.

Nesbit & Sadler and J. M. Gillespy, Jr., all of Birmingham, for appellant.

Counsel argue that, since the term of the special judge had expired, and since he was thereafter out of the county where the case was tried, the bill was properly presented to the clerk of the court, under Acts 1915, p. 816. 200 Ala. 504, 76 South. 446. The doctrine of the turntable cases applies only to children of tender years, and not to boys 15 years of age. Thompson, Neg. 1914, §

1036; 20 R. C. L. 79; 131 Ala. 584, 31 South. 561; 124 Ala. 656, 26 South. 531; 143 Ala. 632, 42 South. 27; 185 Ala. 603, 64 South. 361; 187 Ala. 622, 65 South. 984; 45 South. 646.

Riddle & Riddle, of Talladega, for appellee.

The special judge was authorized to approve and sign the bill of exceptions, under Code, § 3267, which is unaffected by Acts 1915, p. 816. The bill of exceptions should have been presented to the special judge within 90 days, and not to the clerk of the court. 75 South. 331. A child over 14 years of age may recover for injuries sustained on a turntable, and it is a question for the jury whether such child was guilty of contributory negligence. 78 Fed. 74, 23 C. C. A. 649, 37 L. R. A. 725; 15 Wall. 401, 21 L. Ed. 114; 17 Wall. 663, 21 L. Ed. 745. A minor must exercise only such care as children of his age, experience, and intelligence ordinarily use under similar circumstances. 44 Or. 227, 74 Pac. 915, 75 Pac. 693, 1 Ann. Cas. 889; 5 Tex. Civ. App. 87, 24 S. W. 79; 91 Wis. 637, 65 N. W. 374; 27 Ohio St. 227; 60 Tex. 103. The landowner is liable in damages in the case of children injured by dangerous things suffered to exist unguarded on his premises, where they are accustomed to come, with or without license. 190 Ala. 184, 67 South. 407, Ann. Cas. 1917A, 721; 31 South. 561.

SOMERVILLE, J. [1] Under the facts and conditions shown, we hold that the bill of exceptions was properly presented to a justice of this court and was duly established as a correct and legal bill of exceptions in the cause, in accordance with the provisions of Act September 25, 1915 (Gen. Acts 1915, p. 816), amending section 3022 of the Code. Munson S. S. Line v. Harrison, 200 Ala. 504, 76 South. 446. The motion to strike the bill of exceptions will therefore be overruled.

The plaintiff, a boy 15 years of age, of normal growth and intelligence, went upon defendant's premises, in company with several younger children, and, while playing with defendant's turntable, which was left unfastened, suffered the injury of a broken leg.

The chief and, indeed, the decisive question presented by this appeal is whether or not the doctrine of the "turntable cases" is applicable to any normal child who has passed the age of 14 years. The doctrine of liability in this state by the case of A. G. S. R. Co. v. Crocker, 131 Ala. 584, 31 South. 561 which followed the decision of the federal Supreme Court in the pioneer case of Sioux City, etc., R. Co. v. Stout, 17 Wall. 657, 21 L. Ed. 745. The report of the Stout Case shows that the injured child was only 6 years old, and the opinion formulates the doctrine up-

on the predicate of the duty owed to "an infant of tender years." In the Crocker Case, supra, also, the child was only 6 years old. With respect to the "turntable cases" and "attractive nuisance cases," the editor of Ruling Case Law observes:

"These decisions establish that while a proprietor may owe no duty to adults with respect to instrumentalities maintained by him, he may be liable for injuries to a child of *tender years* for injuries sustained from the same instrumentalities." (Italics ours.) 20 R. C. L. 79, § 70.

Pertinent to the question now before us, the same authority says:

"Inasmuch as the injured child's appreciation of the danger embodied by the offending instrumentality is a criterion for determining liability, it is obvious that the age of the injured child is of the first importance in determining whether a recovery should be allowed in any particular case. It has been said that the turntable doctrine is intended for the protection of children of *tender years*, whom from immaturity are incapable of exercising a proper degree of care for their own protection. Little or no direct consideration has been paid, however, to the age of the injured child. Indeed, some of the reports fail to state it entirely. Nevertheless, it appears clearly enough that the older and more intelligent the child, the less reason is there for permitting a recovery. In many cases where men, or boys approaching manhood, would be held to be negligent, younger boys and boys with less intelligence would not be. And the question of negligence is, in nearly all cases, one of fact for the jury, whether the person charged with negligence is of full age or not. But while the courts have given little direct attention to the element of age, and have fixed upon no particular age as one to which the turntable doctrine shall or shall not be applicable as a matter of law, an age limit may be inferred with reasonable assurance, though of course the nature of the instrumentality is to be taken into consideration, for a child of any particular age may appreciate the peril of one thing but not of another. Some perils, such for example as fire or open water, must be obvious even to the most immature intellect. On the other hand, seldom will a recovery be allowed for injuries to boys of fourteen, thirteen, or even twelve years of age, unless they are shown to have been of inferior intelligence. The truth of the matter seems to be that the turntable doctrine furnishes justification for a recovery by children who have gotten old enough to go about unattended but are yet unaware of the perils embodied by machinery and other instrumentalities of an artificial nature—the period between the ages of five and ten." 20 R. C. L. 87, § 77.

See, also, Id. § 80.

The cases seem to fully sustain the statements of the text above quoted, and in practically every statement of the rule of liability it is grounded upon the duty owed to children of "tender years," whose imprudences are usually due to the play of childish instincts, unenlightened by experi-

ence, and unrestrained by reason. See note to Barnes v. Shreveport City R. R. Co., 49 Am. St. Rep. 417, 418. In his note to Westbrook v. Mobile, etc., R. Co. (Miss.) 14 Am. St. Rep. 595, Judge Freeman remarks that the rule of the "turntable cases" has been applied by the courts in many of the states "to children from five to twelve years of age." And in Belt Ry. Co. v. Charters, 123 Ill. App. 322, 329, it was said that—

"An examination of the 'attractive nuisance' cases will show that in nearly every instance the child injured was less than ten years of age and incapable of exercising ordinary care."

In the well-considered case of Heasley v. Winona & St. P. R. Co., 46 Minn. 233, 48 N. W. 1023, 24 Am. St. Rep. 220, 223, in upholding and applying the rule of liability, the court said:

"But nothing more than ordinary or reasonable care is required of persons who have placed upon their own premises such dangerous machinery as turntables, attractive, alluring, and open to children of tender years, strictly non sui juris."

In the case of Shaw v. C. & A. R. R. Co. (Mo. Sup.) 184 S. W. 1151, which was not a turntable case, the court said:

"It would be a very exceptional state of facts which would render the doctrine of attractive nuisances applicable to a strong, active, healthy, and intelligent girl 15½ years old. The industry of counsel has unearthed one case applying the doctrine to a 14 year old boy. That case was exceptional in its facts. Biggs v. Wire Co., 60 Kan. 217, 56 Pac. 4, 44 L. R. A. 655 [reviewed in note, 19 L. R. A. (N. S.) 1165]. A part of the doctrine, the basis of it, is that the injured person is of such tender years that the 'attractive nuisance' would so appeal to childish impulses as, in a sense, to constitute an invitation, and that such appeal should be foreseen and care taken to prevent evil consequences. We are of the opinion appellant is not shown to be within the class to which the doctrine applies."

In Pollard v. Oklahoma City R. Co., 36 Okl. 96, 128 Pac. 300, Ann. Cas. 1915A, 140, the court said:

"The Justes boy, being past 14 years of age, and a trespasser on the company's premises, was, judging solely from his testimony as shown by the record, not entitled to the protection of that law which requires owners of premises to use care in keeping the same in safe condition on account of the unreasoning and natural impulses of children of immature years who may happen to enter thereon, either as trespassers or invitees."

In the note to Thompson v. B. & O. R. Co., 218 Pa. 444, 67 Atl. 768, 120 Am. St. Rep. 897, 11 Ann. Cas. 894, 19 L. R. A. (N. S.) 1162, 1165, the editor says:

"No age has been determined in the attractive nuisance cases at which the court can say, as a matter of law, that the doctrine is inap-

plicable. It must, however, in any case, be the age at which the child *is capable of contributory negligence.*" (Italics ours.)

We think this is the correct view of the matter, deducible from the nature of the duty prescribed, and from the necessities of the class for whose benefit the law has raised the duty. Certainly it is in accord with the general consensus of judicial opinion, and it is almost conclusively significant that among all the reported cases we do not find a single instance in which the doctrine of the turntable cases has been applied to, or even invoked by, a child who has passed the age of 14; for the absence of such instances would seem to indicate either a general implicit understanding that youths of 14 and over are not children of "tender years," or else that at that age they are no longer subject to the domination of childish instincts, and do not need the protection of the rule—so far, at least, as turntables are concerned.

While we would not determine the question upon the narrow basis of verbal definition, it is not amiss to notice that the word "child," in legal phraseology, as well as in common understanding, is most usually applied to one under the age of puberty, or not old enough to dispense with maternal aid and care. 11 Corp. Jur. 756, § 3, and authorities cited; Collins v. State, 97 Ga. 433, 25 S. E. 325, 35 L. R. A. 501; Bell v. State, 18 Tex. App. 53, 56, 51 Am. Rep. 293. In the latter case in defining the word "child" as used in a statute punishing an aggravated assault upon a child, the court said:

"It means a young person as contradistinguished from one of age sufficient to be supposed to have settled habits and fixed discretion. Mr. Webster defines the word 'boy' to mean 'a male child from birth to the age of puberty.' * * * As the law now stands, we believe that the age of 14 in boys and 12 years in girls, limits the age of childhood."

Without going so far as this, it seems clear that a "child of tender years" cannot be one who is more than 14 years of age. In this state it is the settled rule that after the age of 14 all infants are prima facie presumed to be capable of the exercise of judgment and discretion, and are therefore subject to the law of contributory negligence when they seek to recover for personal injuries. Lovell v. De Bardeleben C. & I. Co., 90 Ala. 13, 7 South. 756; B. R. L. & P. Co. v. Landrum, 153 Ala. 192, 45 South. 198, 127 Am. St. Rep. 25; B. & A. Ry. Co. v. Mattison, 166 Ala. 602, 52 South. 49; Cedar Creek Store Co. v. Stedham, 187 Ala. 622, 65 South. 984; Indian Ref'g Co. v. Marcrum, 205 Ala. 500, 88 South. 445; So. Exp. Co. v. Roseman, 206 Ala. 681, 91 South. 612.

In Cedar Creek Co. v. Stedham, supra, speaking of children under 14 years of age, it was said:

"Such a child may not, however—and he is rebuttably presumed by the law not to—possess that maturity of discretion which dictates those precautions against the dangers of fire that are conclusively presumed by the law to belong to normal children who are 14 years of age. * * * If such a child, a child between 7 and 14 years of age and not possessing that discretion and maturity of judgment which the law conclusively presumes a normal child of 14 years of age to possess, is injured through the actionable negligence of another, such a child is entitled to recover, although his own carelessness proximately contributed to his injury."

[2] On the foregoing considerations and authorities, we hold that, as a matter of law, the plaintiff in this case was not within the class to whom defendant owed the duty invoked, and therefore is not entitled to recover as for a violation of that duty.

It results that the general affirmative charge should have been given for defendant as requested, and for its refusal the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.