### CARNES v. UNITED STATES.

No. 4151.

United States Court of Appeals Tenth Circuit.

Jan. 3, 1951.

Rueckhaus & Watkins, Albuquerque, N. M., for appellant.

Everett M. Grantham, U. S. Atty., and Maurice Sanchez, Asst. U. S. Atty., Albuquerque, N. M., for appellee.

Before HUXMAN, MURRAH, and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant instituted this action against the United States under the Federal Tort Claims Act, as amended, 28 U.S.C.A. § 2401 (b), to recover damages for personal injuries suffered by him. The facts are not in dispute and may be summarized as follows:

On March 24, 1944, a B-24 airplane of the United States Army Air Forces crashed about seven miles north of Birmingham, Alabama. The crash occurred in an extremely rough terrain of wooded hills and uncultivated land. Parts of the plane were scattered for a distance of approximately 500 yards. It was about 600 yards from any of the parts of the crashed plane to the nearest road. The Army Base at Birmingham was immediately notified and within thirty to forty minutes thereafter posted guards at the scene of the crash. They were maintained there for six or seven days after the crash, until the wreckage was salvaged.

Appellant, Jimmie Joe Carnes, resided approximately one and one-half or two miles from the scene of the crash. At that time he was 14 years and 1 month old. He and others visited the scene of the crash shortly after it occurred and at various other times during the salvage operations, and picked up souvenirs, although guards were on duty. On one of these occasions he picked up an object labeled "Destructor" and took it home with him. The destructor was a part of the equipment carried on the plane and was loaded with explosives and was intended to explode in the event of a crash and to destroy certain technical instruments in the plane. For some reason it failed to explode when this crash occurred. Appellant saw the word "Destructor" printed on the device but neither he, his father nor mother comprehended the danger inherent in the instrument. On or about February 2, 1945, he was experimenting with the destructor. He touched the wires protruding from the device to a flashlight battery and an explosion resulted causing serious injury to him.

Upon these facts the trial court found:

1. That the negligent or wrongful act of the Government's agents occurred prior to January 1, 1945, the effective date of the Federal Tort Claims Act, and that, therefore, appellant could not maintain the action.

2. That appellant was guilty of contributory negligence.

3. That appellant's intervention rendered it impossible for the defendant to remove the dangerous instrumentality, had it tried to do so.

We think the trial court erred in its first conclusion finding that it was without jurisdiction. The Federal Tort Claims Act which became effective January 1, 1945, gives the District Court exclusive jurisdiction of "civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. § 1346(b).

Actionable negligence consists of the violation of a duty to another with resulting injury to him. This is elementary and needs no citation of authorities to support it. The correct rule is well stated in Schmidt v. Merchants Despatch Transportation Company, 200 N.Y. 287, 200 N.E. 824, 827, 104 A.L.R. 450, where the court said: "We have said that 'in actions of negligence damage is of the very gist and essence of the plaintiff's cause.' * * * Though negligence may endanger the person or property of another, no actionable wrong is committed if the danger is averted. It is only the injury to person or property arising from negligence which constitutes an invasion of a personal right, protected by law, and, therefore, an actionable wrong."

Appellant did not have a claim against the Government until he suffered injury upon which he could have predicated an action in court. It will be noted that the Act gives the court jurisdiction of actions *on claims* (emphasis ours) accruing on or after January 1, 1945. The claim accrued, if at all, on February 2, 1945, when appellant was injured. Prior to that time he had no claim against the Government. He could not have sued the Government. His cause of action, if any he had, accrued on the date he suffered his injury. Under the clear language of the Act, the court had jurisdiction of the cause of action predicated upon this claim.

The case of Aachen & Munich Fire Ins. Co. v. Morton, 6 Cir., 156 F. 654, 15 L.R.A., N.S., 156, and Pickett v. Aglinsky, 4 Cir., 110 F.2d 628, upon which the Government relies to sustain its assertion that the right of action accrues at the time of the wrong are not in conflict because in each case it appears that the injury was suffered at the time the wrong was committed. There is language in Ryan Stevedoring Company v. United States, 2 Cir., 175 F.2d 490, and Terminal R. Association of St. Louis v. United States, 8 Cir., 182 F.2d 149, which when read out of context might lend support to a contrary view. Thus, in the Ryan Stevedoring Company case appears the following: "Hence liability exists only for torts committed on or after January 1, 1945." [175 F.2d 494.] And in the Terminal case: "We are also of the opinion that the Act reasonably may not be construed to cover claims based on torts committed prior to January 1, 1945." [182 F.2d 151.] An examination of both of these cases, however, will show that the injury giving rise to the claim on which the action was predicated arose at the time of the tort or wrongful act, and that in each case this occurred prior to the effective date of the Act.

This case arose in Alabama, and is, therefore, controlled by the substantive law of that State. As pointed out, appellant was fourteen years and one month old. Under controlling Alabama law, " * * * it is the settled rule that after the age of 14 all infants are prima facie presumed to be capable of the exercise of judgment and discretion, and are therefore subject to the law of contributory negligence when they seek to recover for personal injuries." [1]

The question of whether appellant was guilty of contributory negligence was one of fact for the trial court's determination. It resolved this issue against him. There is sufficient evidence in the record to sustain the court's finding in this respect and this finding is binding on us on appeal. Having failed to exercise due care, appellant is, by his own acts of negligence, precluded from recovering and it is therefore not necessary for us to pass on the correctness of the court's third finding.

Since the court had jurisdiction and the complaint stated a cause of action, the court erred in dismissing the cause. It should have entered an appropriate judgment in conformity with its Finding Number Two.

The judgment is therefore reversed and the case is remanded with directions to proceed in conformity with the views expressed herein.

1. Central of Georgia R. Company v. Robins, 209 Ala. 6, 95 So. 367, 369, 36 A.L. R. 10; See also Annotations 36 A.L.R., 10, at page 34; 100 A.L.R. 451, 472.