This case involves an underinsured motorist coverage question, and presents a *Page 1382 
conflict of laws question regarding which of two states' laws should apply. The parties do not dispute the facts, which were stipulated in the trial court. These facts are as follows:
 "On June 10, 1985, William Best was involved in an automobile accident in Blount County, Alabama. Mr. Best and his son were returning to their home in Taylors, South Carolina, after a visit with Mr. Best's son's fiance. William Best was at all times relevant to this action a resident of South Carolina. The vehicle in which Mr. Best was travelling belonged to him, and was principally garaged in South Carolina.
 "Mr. Best and his son sustained serious injuries in the accident. The adverse driver was insured at the time. Suit was never filed, and a settlement was reached with the adverse driver and his insurance company to pay the limits of the driver's liability policy.
 "At the time of the accident, Mr. Best was covered by a policy of insurance issued in South Carolina by Auto-Owners. The policy covered two automobiles and provided $15,000.00 per person, $30,000.00 per occurrence coverage for uninsured motorist damage claims. The application for the policy was completed in South Carolina and expressly did not include coverage for underinsured motorist bodily injury damage. No premium was ever paid to Auto-Owners for underinsured motorist coverage by William Best, Jr."
Upon consideration of the stipulated facts, the exhibits, and argument of counsel, the trial court determined that Best was "not entitled to recover benefits for underinsured motorist bodily injury damage under the subject policy."
The issue before us is whether the contractual obligations of the parties are governed by the subject policy, which was issued in South Carolina, or by the laws of the State of Alabama.
Insofar as we can determine, there are only two circumstances under which Best would be entitled to recover underinsured motorist benefits under the subject policy. The first would be if Best had purchased underinsured motorist coverage. The second would be if the policy contains language calling for application of Alabama law pertaining to underinsured motorist coverage.
Because both parties agree that Best has no underinsured motorist coverage under the policy, it is necessary for us to determine only whether the second possible situation exists.
Best rests his argument that the subject policy creates underinsured motorist coverage upon the following clause contained therein:
 "When you operate your automobile in another state or Canada, this policy will meet the requirements of any financial responsibility or similar law. If the state or province has a compulsory insurance or similar law which requires non-residents to have special motor vehicle insurance, this policy will cover the required minimum amounts and types of coverage. But, this policy will not duplicate payments available under this or any other insurance for the same elements of loss."
Best argues that this clause incorporates every provision of the Alabama Motor Vehicle Safety-Responsibility Act into the contract. We disagree.
In South Carolina, where the contract was executed, there is a distinction between uninsured and underinsured motorist coverage. Uninsured motorist coverage is mandatory, while underinsured motorist coverage is optional. In short, underinsured motorist coverage must be offered, but the prospective insured has the prerogative of rejecting such coverage. See S.C. Code Ann., § 56-9-830 (1976) and § 56-9-831 (Supp. 1986).
Alabama, on the other hand, makes no distinction between uninsured and underinsured motorist coverage. The two are looked upon as one and the same. Ala. Code 1975, §32-7-23(b)(4) (Supp. 1988). Furthermore, Alabama is not a compulsory insurance state. Neither residents nor non-residents are required to have insurance *Page 1383 
either to obtain a driver's license or to secure vehicle registration or to travel through the state. Mooradian v. CanalInsurance Co., 272 Ala. 373, 130 So.2d 915 (1961). If, however, a motor vehicle liability policy is issued in this state, the provisions of the following section are mandatory:
 "(a) No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in subsection (c) of section 32-7-6, under provisions approved by the commissioner of insurance for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, that the named insured shall have the right to reject such coverage; and provided further, that unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with the policy previously issued to him by the same insurer."
Ala. Code 1975, § 32-7-23(a) (Supp. 1988).
As aptly stated in State Farm Auto. Insurance Co. v. Baldwin,470 So.2d 1230 (Ala. 1985):
 "[T]his court recognizes, as did the legislature in enacting § 32-7-23, that one who wishes to protect himself against the negligence of an uninsured driver should be able to contract with an insurer and, by paying an appropriate premium, receive such coverage. It is for this reason that the legislature made uninsured motorist coverage mandatory in every automobile policy issued in this state, unless such coverage is rejected by the insured . . ." (Emphasis added.)
470 So.2d at 1233.
Although insurance policies containing ambiguities are to be construed in favor of the insured, it is imperative that the courts enforce unambiguous policies as written. Johnson v.Allstate Insurance Co., 505 So.2d 362 (Ala. 1987); Newman v.St. Paul Fire Marine Ins. Co., 456 So.2d 40 (Ala. 1984).
We are persuaded that the facts do not support Best's argument that the Alabama Motor Vehicle Safety-Responsibility Act governs the contractual obligations of the parties under the insurance issued by Auto-Owners to William Best, Jr. He voluntarily elected not to obtain underinsured motorist coverage in South Carolina and may not now under his policy receive such coverage in this state, which has no compulsory insurance requirements.
Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.