547 So.2d 506 (1989)
Darrel Scott LYLE
v.
William BOULER.
87-1529.
Supreme Court of Alabama.
June 16, 1989.
Dissenting Opinion July 21, 1989.
Lee L. Hale, Mobile, for appellant.
Jerry A. McDowell and Walter T. Gilmer, Jr. of Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, for appellee.
KENNEDY, Justice.
This is an appeal from a grant of summary judgment in favor of the defendant landowner. The issue is whether the landowner *507 may owe a duty of care to a trespassing minor over the age of 14.
The appellant was 16 years old when he drove with a friend onto the property of the appellee without permission. He parked the car at a clay pit, which had not been used commercially since 1978. The two boys repeatedly climbed up the sides of the pit, which had been overgrown with vegetation. The purpose of climbing the pit was to see which of the two could climb the highest. During one climb, the two came to a ledge and sat on it to rest. Several minutes later, the ledge collapsed, and the two fell about 15 feet to the bottom. In the fall, the appellant's back was broken.
The appellant was over 16 years of age, but was a ninth-grade dropout. Although he had failed his first driver's test, he passed it on the second try and held a valid license at the time of the accident.
In entering summary judgment, the Circuit Court of Mobile County held that no duty was owed minors over the age of 14. The circuit court ruled that this issue was settled in Central of Georgia R.R. v. Robins, 209 Ala. 6, 95 So. 367 (1923). In that case, this Court ruled that a child of "tender years" could not be over 14 and that those over 14 are "presumed to be capable of the exercise of judgment and discretion." Central of Georgia, 209 Ala. at 8, 95 So. 367.
For over 50 years, this Court continued to use the age of 14 as the demarcation line in determining whether a child would be liable for his actions. In 1976, however, this Court ruled that "for clarity and certainty's sake now and in the future," § 339 of the Restatement (Second) of Torts (1965) would be the law. Tolbert v. Gulsby, 333 So.2d 129, 135 (Ala.1976).
Justice Houston, writing for the Court in Motes v. Matthews, 497 So.2d 1121, 1122 (Ala.1986), reiterated our adoption of § 339, regardless of whether the child was a trespasser or a licensee. Because the Court has never reconciled § 339 with Central of Georgia, the two standards continue to be applied, although they are clearly contradictory. In order to prevent further confusion, we reject the 14-year age limitation imposed in Central of Georgia and reassert our adherence to § 339, Restatement (Second) of Torts (1965).
Section 339 provides:
"A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if
"(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and
"(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and
"(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and
"(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and
"(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children."
Subsection (c) and the comment to § 339 provide guidance in determining when a child assumes responsibility for his injuries. The comment states that few jurisdictions still use arbitrary age limits because "in our present hazardous civilization some types of danger have become common, which an immature adolescent may reasonably not appreciate, although an adult may be expected to do so."
Most jurisdictions have held that a child beyond the age of 14 may recover for injuries sustained when trespassing on the land of another. Others have extended recovery to 16 years and beyond. Skaggs v. Junis, 27 Ill.App.2d 251, 169 N.E.2d 684, 689 (1960) (16-year-old plaintiff allowed recovery); Hendricks v. Peabody Coal Co., 115 Ill.App.2d 35, 253 N.E.2d 56, 57 (1969) *508 (16-year-old plaintiff allowed recovery); Boyer v. Guidicy Marble, Terrazzo & Tile Co., 246 S.W.2d 742, 746-747 (Mo.1952) (17-year-old plaintiff allowed recovery).
It is clear that § 339 recognized the irrationality of assigning arbitrary age limits to determine a time when a child must assume total responsibility for his actions.
By rejecting the age limitation imposed in Central of Georgia, this Court now embraces § 339 as the only authority for determining whether a child may recover. This is not to say that age should not be a factor at all. The comment to § 339 clearly states that recovery will be less likely as the age of the child increases. Age may be an important factor in determining liability, but it is one of many factors that must be examined.
Elements that merit examination are: (1) the intelligence of the child; (2) the capacity of the child to understand the potential danger of the hazard; (3) the child's actual knowledge of the danger; (4) the child's ability to exercise discretion; (5) the education level of the child; (6) the maturity of the child; and (7) the age of the child. After these elements have been analyzed, the trial court must examine the landowner's conduct, in accordance with the remainder of § 339.
Central of Georgia, and those cases relying on that case, are hereby overruled to the extent that they are inconsistent with our holding today and our holdings in Motes and Tolbert.
Accordingly, we reverse the summary judgment and remand for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and JONES, ALMON, SHORES, ADAMS and STEAGALL, JJ., concur.
MADDOX and HOUSTON, JJ., dissent.
MADDOX, Justice (dissenting).
The majority states:
"For over 50 years, this Court continued to use the age of 14 as the demarcation line in determining whether a child would be liable for his actions. In 1976, however, this Court ruled that `for clarity and certainty's sake now and in the future,' § 339 of the Restatement (Second) of Torts (1965) would be the law. Tolbert v. Gulsby, 333 So.2d 129, 135 (Ala.1976)."
One reading that paragraph in the majority opinion would think that this Court, in Tolbert, had overruled all of this Court's prior cases dealing with the age at which a child is presumed to be responsible for his or her own conduct. Tolbert does not say that. The actual holding in Tolbert, which I joined, was as follows:
"This court has previously noted the similarity between Alabama cases using the straight negligence doctrine in relationship to trespassing children and Section 339, Restatement of Torts 2d; however, for clarity and certainty's sake now and in the future, this court adopts Section 339, Restatement of Torts 2d, as controlling, regardless of whether the children are licensees or trespassers."
As is apparent from an actual reading of the Tolbert holding, that case stands only for the proposition that Restatement § 339 would apply in determining premises liability, and it did establish the principle that § 339 would be controlling, "regardless of whether the children are licensees or trespassers," but the child in that case was only six years of age. Tolbert did not discuss the age 14 presumption.
The majority, therefore, has erroneously interpreted the statement in Tolbert to include an adoption of the commentary to § 339, and especially the statement in the commentary that a majority of states sets no age when a child is presumed to be responsible, but the commentary itself is just that, a commentary. For a better understanding of the reasons for my dissent, I set out the entire commentary referred to in the majority opinion:
"c. Children. In the great majority of the cases in which the rule here stated has been applied, the plaintiff has been a *509 child of not more than twelve years of age. The earliest decisions as to the turntables all involved children of the age of mischief between six and twelve. The later cases, however, have included a substantial number in which recovery has been permitted, under the rule stated, where the child is of high school age, ranging in a few instances as high as sixteen or seventeen years. The explanation no doubt lies in the fact that in our present hazardous civilization some types of dangers have become common, which an immature adolescent may reasonably not appreciate, although an adult may be expected to do so. The rule stated in this Section is not limited to `young' children, or to those `of tender years,' so long as the child is still too young to appreciate the danger, as stated in Clause (c).
"A few courts have attempted to state arbitrary age limits, setting a maximum age of fourteen for the possible application of the rule. This usually has been taken over from the rule, in these states, as to the presumed capacity of children over the age of fourteen for contributory negligence, which has in turn been derived from the rule of criminal law as to their presumed capacity for crime. The great majority of the courts have rejected any such fixed age limit, and have held that there is no definite age beyond which the rule here stated does not apply. As the age of the child increases, conditions become fewer for which there can be recovery under this rule, until at some indeterminate point, probably beyond the age of sixteen, there are no longer any such conditions."
It is quite clear that the commentary recognized that states like Alabama define "children" as those under 14 years of age. For the majority to conclude that the statement in Tolbert had the effect of overruling the principle stated so succinctly in Central of Georgia R.R. v. Robins, 209 Ala. 6, 8, 95 So. 367 (1923), that a child over the age of 14 is "presumed to be capable of the exercise of judgment and discretion," is most unfortunate, especially in a premises liability case involving trespassing children.
This presumption of responsibility of persons over 14 years of age is not only embedded in our law regarding capacity for negligence, but is also embedded in our criminal jurisprudence. Code 1975, § 15-16-2, provides that "[e]very person over 14 years of age charged with crime is presumed to be responsible for his acts, and the burden of proving that he is irresponsible is cast upon the accused." Likewise, Code 1975, § 13A-3-3, provides:
"The prosecution of any person as an adult shall be barred if the offense was committed when the actor was less than 14 years old."
Furthermore, the common law rule of capacity is a part of our statutory law. Code 1975, § 1-3-1, provides:
"The common law of England, so far as it is not inconsistent with the Constitution, laws and institutions of this state, shall, together with such institutions and laws, be the rule of decisions, and shall continue in force, except as from time to time it may be altered or repealed by the legislature."
Regardless of what other jurisdictions hold, this Court has consistently followed the common law rule. This Court should not, in view of all these legislative expressions of the public policy and the countless decisions of this Court, with the stroke of a pen, overturn so many precedents that so accurately state the public policy of this state.
The commentary relied on by the majority clearly recognizes that some states set a "maximum age of fourteen for the possible application of the rule" and that this age was "taken over from the rule, in these states, as to the presumed capacity of children over the age of fourteen for contributory negligence, which has in turn been derived from the rule of criminal law as to their presumed capacity for crime." Alabama is one of those.
Because I believe it is most unwise for this Court to adopt a rule so contrary to our precedents going back to the common *510 law of England, I must respectfully dissent.
HOUSTON, J., concurs.