The plaintiffs appeal from a judgment based on a jury verdict in favor of the defendant, Allstate Indemnity Company.
The first issue before this Court is whether, given the fact that plaintiff Jason Works was only 13 years old, the trial court erred by charging the jury on the doctrine of contributory negligence and on the assumption that others (i.e., in this case, the plaintiff) will obey the law? The second issue is whether the trial court erred in granting Allstate's motion in limine.
On February 25, 1987, 13-year-old Jason Works, while riding his four-wheel recreational vehicle on old Highway 75 in Blount County, collided with an automobile driven by Fritz Jerrell Suttles. The evidence was in dispute as to whether Works was in the correct lane at the time of the accident. Works testified that he was on the right side of the road, and Suttles testified that Works was on the left side of the road when the collision occurred. There was evidence that the collision occurred in the middle of the road. Works was injured and incurred hospital bills in the amount of $102,000. Works and his father, Autry Works, sued Suttles, alleging that Suttles had negligently injured Jason Works. Suttles and the Workses later entered into a pro tanto settlement, whereby the Workses received $20,000, the total amount of liability insurance under Suttles's policy. The Workses also sued Allstate for underinsured motorist insurance benefits pursuant to three policies owned by Autry Works.
Before trial, Allstate filed a motion in limine, asking the court to prevent the *Page 62 
Workses from alluding to the pro tanto settlement with Suttles. The trial court granted the motion.
At trial, Jason Works's mother testified that Jason had a learning disability and was in a special education class at school. She testified that he was able to drive the four-wheel vehicle but that she felt that his learning disability affected his ability to make "good choices." She also stated on cross-examination that she thought Jason was competent to operate the four-wheel vehicle and that she never prevented him from driving the vehicle because of poor judgment.
Jason Works testified that he knew it was dangerous to operate his vehicle on the wrong side of the road. He also stated that he knew he could get hurt if he was struck by an automobile while driving his vehicle and that he knew that if he stayed off the paved road, he would not be struck by a car.
The trial court charged the jury, in pertinent part, as follows:
 "A child between the ages of seven and fourteen is presumed to be wanting in that degree of care, judgment, and discretion and sensitiveness to danger which belongs to the average child who is fourteen years of age, and therefore [is] presumed to be incapable of committing contributory negligence. . . . This presumption is [rebuttable]. And if you are reasonably satisfied from the evidence that the plaintiff, Jason [Works], was between the ages of seven and fourteen years, and did at the time of the occasion complained of possess that degree of care, judgment, discretion and sensitiveness to danger belonging to the average child of fourteen years of age then you would consider and determine whether or not he was guilty of contributory negligence. . . . If you should reach the determination that at the time [of the accident] he was so accountable then he would be . . . in the same shoes as all of the adults who drive an automobile or operate a vehicle on a public highway [and] would be under the same standard of care that you would be or I would be or any other individual over fourteen years of age would be under. . . ."
(R.T. 529-30).
 "Every person has the right to assume that other persons will obey the law. And he has a right to proceed under such presumption until the contrary is clearly evident to him or by the exercise of reasonable care should have been clearly evident to him. This would apply only if the jury should find at the time of the occasion complained of that the plaintiff, Jason Works, possessed that degree of care, judgment, and sensitiveness of danger belonging to the average child fourteen years of age. . . ."
(R.T. 553-54).
The jury returned a verdict in favor of Allstate.
 Given the fact that plaintiff Jason Works was only 13 years old, did the trial court err by instructing the jury on contributory negligence and the assumption that others will obey the law?
First, Jason Works argues that the trial court committed reversible error in submitting the defense of contributory negligence to the jury because, he contends, there was no evidence presented to rebut the presumption that a child between the ages of 7 and 14 is incapable of contributory negligence. Allstate argues that the defense of contributory negligence was available, contending that testimony from Jason and his mother indicated that Jason possessed the same degree of discretion, intelligence, and sensitivity to danger as an average 14-year-old.
Second, Jason argues that the trial court erred in charging that Suttles could assume that Jason would obey the law, given the fact that Jason was under 14 years of age. Allstate argues that the trial court was correct, because it stated that the assumption applied only if the jury determined that Jason possessed the same degree of care, judgment, and sensitivity to danger as an average 14-year-old.
In reviewing the trial court's instructions, the appellate court must read and consider the charge as a whole in determining *Page 63 
whether the instructions set forth the applicable law.Johnny Spradlin Auto Parts, Inc. v. Cochran, 568 So.2d 738
(Ala. 1990).
A child between the ages of 7 and 14 is prima facie deemed incapable of contributory negligence. King v. South,352 So.2d 1346 (Ala. 1977), citing Alabama Power Co. v. Taylor, 293 Ala. 484, 306 So.2d 236
(1975). However, a child between the ages of 7 and 14 may be shown by evidence to be capable of contributory negligence by evidence that he possesses that discretion, intelligence, and sensitivity to danger that the ordinary 14-year-old possesses. Fletcher v. Hale,548 So.2d 135 (Ala. 1989).
 "For a court or jury to find contributory negligence, it must be shown that the plaintiff had knowledge of the danger and appreciated the danger under the circumstances and, yet, put himself 'in the way of the danger.' Wilson v. Alabama Power Co., 495 So.2d 48, 49 (Ala. 1986). To apply this standard to a child, the Court must examine the following elements: (1) the intelligence of the child; (2) the capacity of the child to understand the potential danger of the hazard; (3) the child's actual knowledge of the danger; (4) the child's ability to exercise discretion; (5) the educational level of the child; (6) the maturity of the child; and (7) the age of the child. See, Lyle v. Bouler, 547 So.2d 506 (Ala. 1989)."
Jones v. Power Cleaning Contractors, 551 So.2d 996, 999 (Ala. 1989).
The trial court properly submitted the issue of contributory negligence to the jury. The trial court instructed the jurors that it was their duty to determine whether Jason possessed the discretion, intelligence, and sensitivity of an average 14-year-old. Although the testimony concerning Jason's intelligence and discretion was conflicting, there was ample evidence from which the jury could have found that Jason was capable of understanding the danger of the situation and yet put himself in the way of the danger. Therefore, the trial court did not abuse its discretion in charging the jury on contributory negligence.
As to the jury charge concerning the assumption that others will obey the law, we hold that the trial court did not abuse its discretion. The trial court stated that the assumption applied only if the jury found that Works possessed the same judgment skills as the average person 14 years of age.
 Did the trial court err in granting Allstate's motion in limine requesting that the Workses not be allowed to refer to the settlement with the driver of the automobile?
The Workses contend that the jury should have been allowed to know that the Suttles's insurance company paid all that was available under his policy. The Workses argues that the jury needed to know that the driver was underinsured and not uninsured. The Workses contend that the jury would question why the Workses sued Autry Works's own insurance company rather than Suttles. The Workses argue further that the jury would not have been prejudiced by knowing that they settled their claim against Suttles. Allstate argues that the settlement was not relevant to the main issues presented at trial, which were negligence and contributory negligence. Allstate contends that it was stipulated that Suttles was underinsured and that the amount of the settlement was less than the amount of Jason's damages, and argues that the settlement was therefore irrelevant. Allstate also argues that if the jury knew of the settlement, the jury might conclude that Suttles's insurance company paid the settlement because it thought Suttles was at fault.
Whether to grant a motion in limine is within the sound discretion of the trial court, and the court's decision will not be reversed unless there has been a clear abuse of that discretion. Miller v. Dacovich, 355 So.2d 1109 (Ala. 1978). Evidence of a pro tanto settlement can be admissible under certain circumstances, Bucyrus-Erie Co. v. Von Haden,416 So.2d 699 (Ala. 1982), but in this case the trial court did not err in refusing to allow the Workses *Page 64 
to discuss the settlement. The jury might have been prejudiced by knowing that Suttles's insurance company had settled with the plaintiffs, because one of the main issues at trial was whether negligence on the part of Suttles had caused the accident. As to the argument that the jury needed to know that Suttles was underinsured rather than uninsured, we note that in regard to their legal effect in a case such as this, there is no difference in underinsured and uninsured motorist coverage in Alabama. Best v. Auto-Owners Ins. Co., 540 So.2d 1381 (Ala. 1989).
Based on the foregoing, the judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.